## No. 6984.

### JOSHUA C. THOMS VS. B. W. SEWELL ET AL.

In a suit for damages on the ground of a wrongful sequestration of land, the judgment rendered in a former suit between the same parties, involving the ownership of the land, can not be pleaded as *res adjudicata*. The objects aimed at, and the causes of action in the two suits are entirely different.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Brame*, special judge.

·*W. F. Kernan* for plaintiff and appellant.

*Wedge & Moore* for defendant.

The opinion of the court was delivered by

SPENCER, J. In 1869 J. C. Thoms sued B. W. Sewell and Mrs. Kennedy to recover and be decreed owner of a tract of land, and to annul a sale thereof made by Mrs. Kennedy to Sewell as fraudulent. ·

Pending this suit, Sewell commenced suit against Thoms, claiming ownership of this same land, and had the same sequestered.

Thoms filed a plea of *lis pendens* to Sewell's suit, averring that "all the matters therein alleged are pending between defendant and plaintiff, in the case of Thoms vs. Sewell and Mrs. Kennedy."

The case of Thoms vs. Sewell and Kennedy was finally decided by this court in favor of Thoms. See 24 An. 209. He was decreed owner of the land.

Subsequent to this decision, on the fourteenth of June, 1870, Sewell's counsel filed in his suit against Thoms a written consent that the plea of *lis pendens* be sustained and the suit dismissed—which was accordingly done.

Thereupon, Thoms brought the present suit on the sequestration bond given in Sewell vs. Thoms for damages.

The defendant pleads the judgment of this court in Thoms vs. Sewell and Kennedy in bar and as *res adjudicata.*

The court below sustained the plea, and plaintiff appeals.

It is difficult to see by what process of reasoning the court below reached such a conclusion.

There is but one of the elements of *res adjudicata* present, to wit: identity of the parties to the two suits. The objects of the two demands and the causes of action are wholly different.

In the suit of Thoms vs. Sewell and Kennedy the cause of action was ownership, and its object the land. In the present suit the cause of the action is an alleged wrong by seizure of property, and its object money.

In the suit of Thoms vs. Sewell and Kennedy, plaintiff did not and could not demand damages for a sequestration which was not levied until afterward in another suit. He could not have legally claimed it by way of reconvention even, in this other suit of Sewell vs. Thoms, as both parties lived in the same parish. 24 A. 208; 12 A. 114; 17 L. 176; 10 A. 10; 3 A. 588. Defendant's counsel insists, however, if there is not technically *res adjudicata* plaintiff is at least estopped by his assertion in his plea of *lis pendens*, that *all the matters alleged in Sewell's suit against him were involved in his suit against Sewell and Kennedy.*

That statement was legally true, for the thing in dispute in both cases was the land, and we are at a loss to see how that averment now estops plaintiff from claiming what he could only claim after those suits had terminated.

The judgment appealed from is erroneous, and it is ordered, adjudged, and decreed that the same be set aside and reversed, and that defendant's plea of *res adjudicata* and estoppel be overruled, and that this cause be remanded to be proceeded with according to law; defendant and appellee paying costs of appeal.