**200 So. 817**

## LLOVERAS v. REICHERT.

No. 35699.

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

See, also, 188 La. 447, 177 So. 569.

Edwin J. Prinz and Solomon S. Goldman, both of New Orleans, for plaintiff, appellant.

Daly & Hamlin, of New Orleans, and Wm. F. Roy, Jr., of Arabi, for defendant, appellee.

ODOM, Justice.

This is a suit by a husband against his wife for an absolute divorce on the ground that they had been living separate and apart for a period of more than two years. The suit was brought under Act 430, page 1091, of 1938.

The suit was filed in the District Court for the Parish of Orleans on December 5, 1938, and on the 19th of the same month the wife ruled her husband to show cause why he should not be ordered to pay her $40 per month alimony pendente lite. We find no answer to the rule in the record, but on January 6, 1939, judgment was rendered by agreement of counsel ordering the husband to pay his wife $40 per month alimony pending the suit.

On December 21, 1938, the wife filed answer to the suit, coupled with a reconventional demand for permanent alimony in the sum of $40 per month, under Article 160 of the Revised Civil Code, as amended by Act 27, Second Extra Session of 1934. She admitted the marriage, as alleged, and admitted that she and her husband had not lived together since October 1, 1936, which was more than two years prior to the date on which the suit was filed. She in effect consented that judgment be rendered in favor of the plaintiff as prayed for. Her counsel stated in oral argument that both parties wanted a divorce.

She based her reconventional demand for permanent alimony on the ground that she was destitute, and that the two-year separation which her husband alleged as a ground for divorce was not due to her fault.

There was judgment in favor of plaintiff and against the defendant, granting plaintiff an absolute divorce, and judgment in favor of the defendant and against the plaintiff for $40 a month permanent alimony. From the judgment ordering him

to pay defendant alimony the plaintiff appealed.

Article 160 of the Revised Civil Code, as amended by Act 27 of the Second Extra Session of 1934, provides that, if the wife who has obtained a divorce has not sufficient means for her maintenance, the court may allow her, in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income, "provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income."

The wife alleged in her reconventional demand that she was not at fault, and it is conceded that the burden was upon her to prove that allegation. In support of her plea that the separation was not due to her fault, the defendant offered in evidence a judgment rendered in the district court of St. Bernard Parish granting her a separation from bed and board against her husband, which judgment of separation was rendered several months prior to the date on which the present suit was filed in the Parish of Orleans. The record shows that this judgment was offered and filed in evidence, but the document itself is not in the record. Counsel

for plaintiff strenuously objected to the introduction of that judgment in evidence in this case to prove that defendant was not at fault for the separation, the ground of the objection being that "said judgment is wholly immaterial and irrelevant to any issue in this case; that said judgment is that of a court of another jurisdiction, in another suit of entirely different nature, based on a different cause of action, and can serve no purpose and cannot be considered in the determination of this cause; that the said judgment does not purport to contain any reasons for judgment and is unaccompanied by any findings of fact upon which the court acted in reaching its conclusion, and, therefore, can be of no assistance to this court in determining what facts, if any, were proved in that case."

When this objection was made, the court asked counsel for defendant to state the purpose of the offering, whereupon counsel stated:

"The purpose is to show that she was without fault at the time of the separation, because she has a judgment for separation from bed and board against Mr. Lloveras, which is a judgment res adjudicata, a final judgment. Now, I will not go into the facts as to the rendition of that judgment."

Counsel for plaintiff made the further objection:

"that said judgment is irrelevant, immaterial and inadmissible in evidence on the question of whether or not the wife was at fault for the separation, because said judgment does not hold that the wife was not

at fault, nor does it show that any testimony at all was taken on that issue, but on the contrary shows that neither the plaintiff nor his attorney was present at the time of the rendition of the judgment, and, for the further reason that this court must exercise its sound discretion in arriving at its conclusion as to whether or not the wife was at fault, which conclusion must be arrived at after hearing the evidence as introduced from the witness stand, in this court and in this cause, and which conclusion cannot be based on any presumption which might be raised by the mere fact of the rendition of a judgment by a court of another jurisdiction, in a case based on an entirely different cause of action."

The trial judge overruled all objections made by counsel for plaintiff to the introduction of said judgment in evidence, and ruled that the question as to whether the husband or wife was at fault for the separation was foreclosed by that judgment; in other words, in so far as that point is concerned, the judgment granting to the wife a separation from bed and board, rendered in the former suit brought in another jurisdiction, is res judicata. He refused to permit plaintiff to offer any testimony touching this point, and held that the wife had proved that she was without fault.

The record in the suit which the wife brought against her husband in the Parish of St. Bernard was not brought up in the transcript presently before us. But, according to statements made by counsel and by the trial judge during the progress of the trial, which statements we find in the record, it appears that in the year 1936 Mrs. Lloveras, the defendant in the present suit, brought suit in the Parish of St. Bernard against her husband for separation from bed and board on the ground of cruel treatment, and that the suit was not contested by the husband. It seems that the wife obtained the judgment against her husband by default. It is admitted that the parties have not lived together since that suit was filed.

Counsel for the defendant wife argues, and the trial judge ruled, that, as touching the question whether the separation was due to the wife's fault, the former judgment was res judicata.

■ We think the judge erred. Article 2286 of the Revised Civil Code reads as follows:

"Res judicata.—The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The judgment here pleaded as res judicata was rendered in the suit brought in the Parish of St. Bernard by Mrs. Mildred Reichert Lloveras against her husband, Benito Lloveras. Therefore, one of the essentials prescribed by the Code exists in this case—that is, "the demand must be between the same parties".

But it is perfectly clear that the other two essentials do not exist. The object of the judgment, or thing demanded, in the

former suit was not the object of the judgment, or thing demanded, in the present suit. And the demand in the former suit was not founded on the same cause of action as the demand in the present suit.

The object of the judgment or thing demanded in the former suit was a separation from bed and board. The object of the judgment or thing demanded by the husband in the present suit was an absolute divorce, and the object of the judgment or thing demanded by the wife in reconvention was permanent alimony. In the former suit the cause of action was cruel treatment. In the present suit the husband's cause of action for divorce was two years' separation, and the wife's cause of action for permanent alimony was that she was destitute and that the separation was not due to her fault.

This court has repeatedly and consistently held that the exception or plea of res judicata cannot be sustained unless each of the three essentials prescribed by the Code is found present. The rule or formula laid down by the Code is stricti juris and must in all cases be adhered to. The reason clearly appears. A departure from the rule might easily result in serious hurt and injustice to one of the litigants.

In the case of Huyghe v. Brinkman, 34 La.Ann. 1179, Mrs. Huyghe, owner of real estate, brought a possessory action against the defendant, Henry Brinkman. Brinkman filed an exception or plea of res judicata, predicated on a judgment he had obtained in a justice court ejecting Mrs. Huyghe from the same tract of land. The plea of res judicata was sustained by the lower court, and the judgment was reversed by this court. As to the plea of res judicata, Justice Poché, the organ of the court, very clearly and concisely stated the rule as follows:

"It is elementary, that to constitute res judicata, the thing demanded must be the same and the demand must be founded on the same cause of action.

"The thing demanded in the former case was possession as lessor; the thing demanded in the present case is possession as owner; the cause of the action in the case invoked was the refusal of possession of a tenant to his landlord; the cause of action in the suit at bar is disturbance of possession as owner."

In the case of West v. His Creditors, 3 La.Ann. 529, this court said:

"The exception of the thing adjudged is stricti juris, and if there should be doubt as to the identity of the things claimed, or of the persons claiming them, it cannot be maintained."

In State ex rel. Collens v. Jumel, Auditor, 30 La.Ann. 861, this court said:

"The plea of res adjudicata is not tenable. To sustain that plea, there must be an identity of parties, of capacity, of object, and of cause of action. One of these at least is lacking here."

In the recent case of Hope v. Madison, 194 La. 337, 193 So. 666, Mrs. Hope sued Madison, who had been her attorney, to set aside a sale of certain mineral interests in land which she owned, which mineral interests she had sold him, on the

ground that it was a sale of a litigious right, such sales being prohibited under pain of nullity by Article 2447 of the Revised Civil Code. Defendant pleaded res judicata, predicating his plea on a judgment rendered in the suit of Hope v. Madison, 192 La. 593, 188 So. 711.

In the former suit, Mrs. Hope sued Madison to set aside the same sale which she attacked in her second suit. The object of the judgment, or thing demanded, which was the nullity of the sale, was precisely the same in each case, and the parties were the same. But the cause of action was not the same.

In her first suit, Mrs. Hope sought to have the sale set aside on the ground that it was made without adequate consideration. That was her cause of action. Judgment was rendered in that case rejecting her demand and dismissing her suit.

In the second suit, she demanded that the sale be set aside on the ground that it was a sale of a litigious right. That was her cause of action. We held that, although the parties and the object of the demand were identical in each of the cases, the plea of res judicata could not be sustained because the cause of action was not the same.

In the Hope v. Madison case, 194 La. 337, 193 So. 666, 668, will be found a thorough and exhaustive review of the jurisprudence of this state and of the comments of some of the leading French authorities relating to the doctrine of res judicata, and the conclusion reached was, in sum, that the exception of the thing adjudged is stricti juris and that an exception or plea of res judicata cannot be sustained unless it clearly appears that there is an identity of the object of the judgment or thing demanded, of the cause of action, and of the parties—these being the essentials or requisites prescribed by Article 2286 of the Code.

We quoted with approval the following extract from State v. American Sugar Refining Co., 108 La. 603, 32 So. 965:

"The law of res judicata is stated with great simplicity and precision by article 2286, Civ.Code, as follows:

" 'The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same qualities.'

"This formula was borrowed by our Code from the Code Napoleon (article 1351); by the Code Napoleon from Pothier, Obligations, No. 889; and by Pothier from the Roman Jurisconsults. It brings out with great distinctness the salient feature of the law of res judicata, namely, the identity that must exist as to thing demanded, cause of action, and persons in the two suits. * * *

" 'The exception of the thing adjudged is stricti juris, and, if there should be any doubt as to the identity of the things claimed, or of the persons claiming them, it cannot be maintained.' West v. His Creditors, 3 La.Ann. 529.

" 'The plea of res adjudicata is without force, unless the object demanded in the

former suit was precisely the same as that demanded in the action pending.' Edwards v. Ballard, 14 La.Ann. 362.

" 'The only test as to the effect of a decree is its finality as to the matters embraced in it, and its having the requisites of Article 2265 (2286) of the Civil Code.' Kellam v. Rippey, 3 La.Ann. (202), 203.

" 'The authority of res adjudicata takes place only with respect to what was the object of the judgment.' Succession of Durnford, 1 La.Ann. 92.

"See, also, Thoms v. Sewell, 30 La.Ann. 359; Slocomb v. De Lizardi, 21 La.Ann. 355, 99 Am.Dec. 740; State (ex rel. Collens) v. Jumel, 30 La.Ann. 861; Carre v. New Orleans, 41 La.Ann. 996, 6 So. 893; Plicque v. Perret, 19 La. (318) 327; and innumerable other cases. *Our court has never wavered, that we know of, in the rigid exaction of the three unities.*" (Italicized in Hope v. Madison.)

In the American Sugar Refining Company case, the court stated the facts to be that the State brought suit against the defendant to collect a license tax alleged to be due for each of the years 1900 and 1901. The defendant resisted the demand on the ground that it was engaged in the business of manufacturing, and, being a manufacturer, it was exempt from license taxes by the terms of Article 229 of the Constitution of the state. The plea of res judicata was predicated on a former suit and judgment "wherein the licenses for 1898 and previous years had been claimed, and the same defense of exemption from taxation had been urged". The court stated that "the process used by defendant in its

business of refining sugar, as shown on the trial of the former suit, has not changed". The plea of res judicata was overruled by the court for the reasons stated by it that: "In two suits for the recovery of the licenses of different years, the statute imposing the license may be said to be the same in the two suits; *but the act of the defendant by which the debt for the license is incurred is each year a separate, independent act, similar to, but not the same as, the act by which the debt of the license of the preceding year was incurred.*" (Italics ours.)

Clearly the court's only reason for overruling the plea of res judicata was that the act of refusal to pay the licenses due in the former years was not the same as the act of refusal to pay for the later years.

While, in the case at bar, the parties are the same as those in the former suit brought by the wife in the Parish of St. Bernard, yet neither the cause of action nor the object of the demand in the present suit is identical with the cause of action and the object demanded in the former suit. It follows, therefore, that the ruling of the trial judge sustaining the exception or plea of res judicata was erroneous.

The judgment awarding alimony in the sum of $40 a month to Mrs. Lloveras, the appellee, is reversed and set aside, and it is now ordered that the case be remanded to the district court for retrial of the issues raised by the wife's reconventional demand for permanent alimony.

O'NIELL, C. J., and LAND, J., do not take part.