286 So.2d 174 (1973)
Rosemary MUHLEISEN, wife of Henry Michael KRATZBERG,
v.
Henry Michael KRATZBERG.
No. 5916.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
*175 Greenberg, Cohen & Dallam, Roger I. Dallam, Gretna, for defendant-appellant.
LeBrun, Karno, Lockhart & Brainis, Metairie, for plaintiff-appellee.
Before REDMANN, LEMMON and SCHOTT, JJ.
SCHOTT, Judge.
The husband has appealed from portions of a judgment of final divorce which decreed the wife to be free from fault and in necessitous circumstances so as to be entitled to alimony and fixing the effective date of a reduction of child support as April 1, 1973, rather than November 9, 1972.
These parties were married on February 5, 1949, and had three children, of whom the eldest, Henry, Jr., was born on January 25, 1954. On June 7, 1971, the wife left the matrimonial domicile and on the same date filed suit for separation from bed and board based on grounds of cruel treatment. She also brought a rule for custody of the children and alimony pendente lite for herself and the children which was made absolute in her favor as to custody of the two younger children only (by consent of the parties), alimony pendente lite for herself in the amount of $100 and child support for the two children in the amount of $175. On July 28, 1971, the wife took a default judgment of separation from bed and board against her husband. On April 5, 1972, the husband filed a rule to reduce child support and to abolish the alimony pendente lite for the wife. The wife had on March 29, 1972, also filed a rule to obtain custody of the eldest child who had in the meantime returned to the home of his mother. On April 13, 1972, the trial judge made absolute the wife's rule for custody of the eldest child, reduced alimony pendente lite for the wife to the sum of $50 per month and increased child support to $200 per month. On October 13, 1972, the husband filed a petition for final divorce and therein placed at issue the questions of the *176 wife's right to receive alimony for herself following divorce and his own obligation to pay child support for the eldest child after November 9, 1972.
There is in the record an entry dated November 9, 1972, with the disposition "Motion to Reduce Alimony denied." But a judgment was not signed in connection with that matter until March 1, 1973. On March 5, 1973, the husband filed a motion for a new trial as to that judgment on the stated ground, among others, that the eldest child was now 18 years of age and fully emancipated by virtue of LSA-C.C. Art. 37 as amended effectively on July 26, 1972, by Act 98 of 1972, and pursuant to the decision in Fellows v. Fellows, 267 So.2d 572 (La.App.3rd Cir. 1972). Simultaneously with the trial of the final divorce action on March 26, 1973, the Court reconsidered the question of the husband's obligation to support the eldest child and following the trial awarded a divorce to the husband, awarded alimony to the wife in the amount of $50 with the specific finding that the wife "was free from fault; and, while she is employed on a part-time basis, she is nonetheless in necessitous circumstances." The judgment also referred to the fact that the eldest child had attained the age of majority and for that reason reduced the husband's child support payments by one-third. It decreed that instead of paying $200 per month he was to pay $134 "effective on April 1, 1973." It is from that judgment that the husband has appealed.
Turning first to the question of the wife's right to alimony, LSA-C.C. Art. 160 conditions that right on a showing that she has not been at fault. In Adler v. Adler, 239 So.2d 494 (La.App.4th Cir. 1970) this Court held that the following principles have emerged from the jurisprudence in this connection:
"The wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. (Citations omitted) To constitute fault within the meaning of Article 160, the wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband. (Citations omitted) And the wife bears the burden of proving with reasonable certainty both the fact that she was free from fault and the fact that she has not sufficient means for her support." (Citations omitted)
A review of the record convinces us that the wife has not maintained her burden of proof in order to prevail. At the trial she testified as to difficulties in their sexual relations culminating in the fact that for the final two years they lived together they did not share a bed. She attempted to justify this on the basis that once while they were having sexual intercourse her husband had told her "you can't even do that right." In her testimony she complained that he had not cooperated with her in administering discipline to the children, was not properly supporting the family, had once rendered her automobile inoperative as a punishment for her having taken money from the joint checking account and permitted one of the children, who was then 14 years of age, to abuse her physically.
On the other hand, the husband testified that he had attempted to resolve their marital problems and with his wife had sought professional counseling. He charged that she brutalized the children, would for long periods fail to prepare meals for the family, and was financially extravagant and irresponsible. He maintained that he had made overtures to his wife to return to his bedroom on a number of occasions during the last two years of their marriage but she refused and she likewise refused one request from him to have marital relations.
In addition to the testimony of the parties, there was testimony by the two eldest children who were 19 and 17 year old boys at the time of the trial. While the testimony *177 of the elder son adds little to the record that of the younger son corroborated his father's testimony that the wife was physically violent, that while he had respect for his father he has none for his mother's authority because "she no longer shows any concern. She just does everything out of hate," and that it was frequently necessary for him and his father to prepare their meals because his mother would not do so.
From our review of the record we are compelled to the conclusion that this husband and wife were incompatible, that they were both at fault, and consequently the wife cannot legally support her claim for alimony after the divorce.
It appears from statements made by the trial judge during trial that he felt that the previous adjudication of fault on the part of the husband in the wife's suit for separation was determinative of the fault issue in the divorce action and that he would only consider evidence of the wife's fault after the date of separation in that connection. But this constituted error in the light of Gamino v. Gamino, 199 So.2d 202 (La.App.4th Cir. 1967) which held that in a wife's suit for alimony, pursuant to LSA-C.C. Art. 160, the husband is not precluded from proving her fault based upon her pre-separation conduct, even though she had taken a default judgment for separation against him based on his fault.
The final question is whether the trial judge erred in his decision to reduce child support by one-third effective April 1, 1973, rather than November 9, 1972. It should now be clear to all that this husband was no longer legally obligated to pay child support for his 18 year old son at the instance of the mother as of July 26, 1972, when Act 98 of 1972 reducing the age of majority to 18 years became effective. As a practical matter, however, we cannot grant a retroactive reduction to the father under the circumstances, since he failed to prove that the money paid in the form of child support to the wife for that eldest child was not used for that purpose. In fact, the evidence indicates that the child was living at home during this time and was probably a beneficiary of the support payments.
Accordingly, the judgment appealed from is reversed insofar as there is a finding that the wife was not at fault and insofar as the wife was awarded alimony in the sum of $50 per month. In all other respects the judgment appealed from is affirmed. The wife is to pay all costs including the costs of this appeal.
Reversed in part, affirmed in part.