301 So.2d 622 (1974)
Anna D. FULMER
v.
John A. FULMER, III.
No. 54510.
Supreme Court of Louisiana.
October 11, 1974.
Rehearing Denied November 6, 1974.
*623 Roger I. Dallam, Greenberg, Cohen & Dallam, Gretna, for defendant-applicant.
Robert A. Keily, New Orleans, for plaintiff-respondent.
TATE, Justice.
The husband complains of a decree holding his wife to be entitled to alimony after final divorce. Previously, the wife had obtained a judicial separation on the ground of the defendant's fault (abandonment). After a year and sixty days had elapsed, the husband filed suit for final divorce, based upon the expiration of this period following judicial separation, without reconciliation. See La.R.S. 9:302 (1960). These alimony proceedings are incidental to that divorce action.
The question before us is whether, under these circumstances, the determination of marital "fault" in the separation proceedings bars re-litigation of the "fault" issue for purposes of an award of alimony following the final divorce.

-1-
The trial court held that the pre-divorce separation judgment had conclusively determined marital fault as between the husband and the wife. Therefore, on the final divorce, the wife was not required to re-litigate the issue of fault before being held entitled to post-divorce alimony. The court of appeal affirmed this portion of *624 the decree. 288 So.2d 398 (1974).[1] We granted certiorari, 290 So.2d 907 (1974), to resolve a conflict in the holdings of the intermediate courts as to this issue.
The issue is essentially one of statutory interpretation. As amended in 1964, Civil Code Article 160 provides that, following a divorce: "When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her * * * alimony * * *."[2] (Italics ours.)
In determining "fault" under Article 160, the conflicting holdings of the circuits essentially arise in the present contextwhere the wife has obtained an earlier judicial separation on the ground of the husband's fault, and subsequently a final divorce is sought or obtained by reason of the expiration of the statutory period without reconciliation, La.R.S. 9:302; and the husband now contends that post-divorce alimony may not be awarded the wife unless there is an independent determination in the divorce proceedings itself that she is free of "fault".
The holdings vary as follows:
(1) Some decisions, such as the present, hold that the separation judgment in favor of the wife is a judicial determination that she is free of fault, which precludes relitigation of the issue and is conclusive as to her lack of marital fault. Cf., Gallagher v. Gallagher, 174 So.2d 262 (La.App.2d Cir. 1964) (dicta), annulled on other grounds, 248 La. 621, 181 So.2d 47 (1965). Likewise, decisions such as Richardson v. Richardson, 275 So.2d 845 (La.App.4th Cir. 1973) and Broussard v. Broussard, 275 So.2d 410 (La.App.3d Cir. 1973), similarly hold that a wife is precluded from receiving alimony following the divorce, where the separation judgment in favor of the husband had determined that she was at fault.
(2) Other decisions have indicated that, in the suit for final divorce, the wife may offer the judgment of separation in her favor as proof of her absence of fault, and then the burden shifts to the husband to prove fault on her part. Frederic v. Frederic, 295 So.2d 52 (La.App.4th Cir. 1974); Ballard v. Ballard, 283 So.2d 836 (La.App.2d Cir. 1973); Guarisco v. Guarisco, 271 So.2d 553 (La.App.1st Cir. 1972); Rayborn v. Rayborn, 246 So.2d 400 (La.App.1st Cir. 1971), writ refused 258 La. 775, 247 So.2d 868 ("... not final").
(3) Yet other decisions hold that, since the separation judgment in favor of the wife is not res judicata, the wife has the burden of proving her freedom from fault, in the cause of the separation, in order to entitle her to receive post-divorce alimony. Kratzberg v. Kratzberg, 286 So.2d 174 *625 (La.App.4th Cir. 1973); Davidson v. Jenkins, 216 So.2d 682 (La.App.3d Cir. 1968); Gamino v. Gamino, 199 So.2d 202 (La.App.4th Cir. 1967). Cf. also, Randle v. Gallagher, 169 So.2d 224 (La.App.4th Cir. 1964).

-2-
Ultimately, as we will explain more fully, we reject or modify the second and third line of decisions, since we have concluded that the first position represents the correct interpretation of Article 160that the judicial determination, in the separation proceeding, of the party at fault in the separation bars re-litigation, in the subsequent divorce proceeding, of the fault which caused the separation, when such need be determined for the purpose of awarding post-divorce alimony under the code article. We do so, as we will explain, on the basis of what we believe to be the legislative intent as deduced from the legislative history of the article.
We assume that the legislative choice is based on the judicial economy and consistency represented by having the separation-causing fault determined once and in the separation proceedings itself, rather than litigating (or re-litigating) it in the much later divorce proceedingswhere, with different testimony or less recent recollection, the separation-causing fault might even be determined contrary to that determined at an earlier well-tried and hotly-contested separation adjudication.

-3-
However, we must frankly admit the forcefulness of the contrary arguments, so persuasively set forth in brief in this case and as adopted by the second and third line of decisions. These include:
Since under Article 148 alimony in a judicial separation is not based upon fault, the husband desiring to contest post-divorce alimony should not be required to litigate "fault" in the separation proceeding. In addition, since (a) either reconciliations often moot the separation judgment or (b) else, when the time for a final divorce nears, the wife often desires to re-marry, a policy of avoiding the necessity to litigate fault at the time of the judicial separation may (a) contribute to more reconciliations and (b), where re-marriage rather than reconciliation results, avoid ever washing the couple's dirty fault-linen in public in court.
Also, since under the doctrine of comparative rectitude a wife may be awarded a judicial separation if her husband's fault is greater than her own, a judgment of separation in her favor does not really determine that she is free of fault contributing to the separation.
Further, as these decisions point out, the determination of "fault" in the separation proceedings is not res judicata in subsequent divorce proceedings, if only because the cause of action and the thing demanded are not the same, as required by Civil Code Article 2286. Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941). See Smith v. Smith, 179 So.2d 433 (La.App.3d Cir. 1965). (Nevertheless, although not res judicata, the marital fault as determined in the separation proceedings is, for the reasons of legislative intent to be stated, also decisive of the "fault" or freedom from it which determines the wife's post-divorce right to alimony under Article 160that is, at least when the final divorce is sought on the basis of the judicial separation and the statutory period following it without reconciliation, as authorized by La.R.S. 9:302, the basis for the present final divorce.)

-4-
The legislative history of Article 160 shows the following, up to the 1964 amendment:[3]
When Article 160 was originally enacted in 1870, only a plaintiff spouse who could *626 prove one of the statutory faults for judicial separation or divorce could obtain a divorce. Civil Code Articles 138, 139 (1870). Article 160 allowed alimony to "the wife who has obtained the divorce", if she had not sufficient means. The clear meaning of the original code article, in this statutory context, was that the wife who had obtained the judicial separation on the ground of her husband's fault could obtain post-divorce alimony, if she needed it.
In 1898, the legislature for the first time provided that a party against whom a separation judgment was obtained could also demand a divorce after a period of non-reconciliation. Act 25 of 1898. The spouse who obtained the judicial separation could apply for divorce after one year expired following the separation judgment, while the spouse against whom the judgment was rendered could not do so until two years had expired. Nevertheless, the act specifically provided that in the latter case the wife who had obtained the separation judgment "shall have the same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is plaintiff."
Thus, again the plain legislative intent was to provide that a wife who obtained the judicial separation on the ground of the husband's fault was entitled to post-divorce alimony, if she was in need. The husband was afforded a new right to sue for final divorce himself, even if his wife had prevailed in the separation judgment; but the wife's right to receive alimony on the ground of the husband's fault, as determined in the separation proceeding, was expressly not curtailed.
The 1898 act is the essential basis of La.R.S. 9:302 (1960)[4], upon which the present husband's cause of action for final divorce is founded. (A 1932 amendment reduced to one year and sixty days the period of waiting to apply for absolute divorce by the spouse against whom the separation judgment was rendered.) Thus, if a husband seeks a divorce by reason of this statutory ground (the expiration of a period without reconciliation, after his wife has obtained a judgment of separation on the ground of his fault), the original and never-changed intent of the statutory provision was to provide that the husband's separation-determined fault entitled the wife to alimony, if in need.
By reason of the amendment by Act 21 of 1928, Article 160 first referred to the wife's freedom from fault as a pre-requisite to her post-divorce alimony.[5]
*627 The reason for the amendment is likewise clear. Act 269 of 1916 had provided for a no-fault divorce upon proof of separation for seven years or more.[6] In North v. North, 164 La. 293, 113 So. 852 (1927), this court held that Article 160 authorized post-divorce alimony only when the wife obtained the divorce, so that a wife was held not entitled to alimony where her husband had obtained a divorce on the ground of voluntary separation for seven years under the 1916 statute. The legislature hastened to amend Article 160 by the 1928 amendment (see Footnote 5), with the explicit purpose of allowing the wife to obtain alimony if she was not at fault, when the husband obtained a divorce "on the ground that the married persons have been living separate and apart for a period of seven years or more."[7]
Thus, the purpose of the 1928 amendment was to broaden the wife's right to post-divorce alimony. It was explicitly intended to apply only to the situation where the husband obtained a divorce on the nofault ground of voluntary separation for a long period, as provided by the 1916 statute, now La.R.S. 9:301 (see Footnote 5). It did not apply to the situation where the husband obtained a divorce because of a period of non-reconciliation following a judicial separation, which ground (La.R.S. 9:302, see Footnote 4), in its then-statutory context, expressly recognized the wife's right in such circumstance to receive post-divorce alimony (because the judgment of separation in her favor had determined the husband's fault as the cause of the separation.)

-5-
The essential issue now before the court was decided by us against the husband in August v. Blache, 200 La. 1029, 9 So.2d 402 (1942), previously cited.
A wife had obtained by default a judicial separation on the ground of her husband's fault (his ill treatment of her). The husband filed suit for final divorce after a year and sixty days had elapsed following the separation judgment, based on the statutory ground now found at La.R.S. 9:302 (see Footnote 4). The wife's claim for alimony was rejected by the trial court, which sustained the husband's claim that the wife was "at fault" in bringing about the separation and therefore not entitled to post-divorce alimony.
This court reversed. We held the wife to be entitled to alimony. When the husband seeks a divorce upon this ground, based upon the statutory history set forth above, we held, 200 La. 1037-1038, 9 So.2d 405:
"[T]he obtaining of the judgment of separation from bed and board by the wife carried the implication that the separation was not caused by her fault; and the granting of the final judgment of divorce, thereafter, in favor of the husband, in such a case, does not depend upon any question of fault on the part of either the husband or wife, but is founded entirely upon the *628 absolute right of either of the spouses to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute. In fact no other evidence is relevent in a suit for divorce brought by the party against whom a judgment of separation has been rendered, and on the ground that no reconciliation has taken place."
We thus held that, where the husband held at fault in the separation suit obtains a divorce on the ground of non-reconciliation following the separation judgment, he is precluded from contesting his wife's right to post-divorce alimony, if in need, because of the judgment of separation in her favor based upon her husband's fault. This ruling, based upon the legislative intent of Article 160, is determinative of the present issue, unless the 1964 amendment altered the original intent that the separation decree based upon the husband's fault recognized that any fault of the wife had not caused the separation.

-6-
We are fortunate that the 1964 legislative revision is fully explained by a 1964 Official Revision Comment of the Louisiana State Law Institute, which sponsored the amendment. (The article as amended in 1964 is set forth in Footnote 2 above. As enacted and amended prior thereto, its text is set forth in Footnotes 5 and 7.)
The express purposes were:
(a) To create a right in a wife to have alimony awarded to her, if her husband obtained a valid foreign divorce (see Comment b); and
(b) To provide that where the wife obtains a divorce on the grounds of voluntary separation for two years (La.R.S. 9:301), she has no right to obtain alimony unless she is free from serious fault causing the separation (see Comment c).
In this regard, the latter revision comment specifically notes (later Chief) Justice McCaleb's concurring opinion in McKnight v. Irving, 228 La. 1088, 85 So.2d 1, 2 (1956) and the holding in Moreau v. Moreau, 142 So.2d 423 (La.App.3d Cir. 1962) to the effect that, under the prior-wording of Article 160, the wife (regardless of her fault) was entitled to alimony whenever she obtained the divorce. The comment specifically notes the intention of the 1964 revision to reject such an interpretation and to clarify the article so that it accords the meaning ascribed to it by the majority ruling in McKnight v. Irving, cited above, and by the decision in Sachse v. Sachse, 150 So.2d 772 (La.App.1st Cir. 1963). These interpretations were to the effect that, when a wife obtains a divorce on the ground of two years' voluntary separation as provided by La.R.S. 9:301, she must prove her freedom from serious fault proximately causing the separation and continued living apart.
Thus, the 1964 amendment was not designed to alter the prior interpretation of Article 160 with regard to the wife's entitlement to post-divorce alimony if she had been awarded a judicial separation on the ground of the husband's fault, at least when the final divorce was sought on the statutory ground provided by La.R.S. 9:302. In fact, Official Revision Comment d specifically notes that Article 160(2) referred to "a divorce under R.S. 9:302, to avoid any contention that the latter's rule regarding alimony was impliedly repealed through this [1964] amendment."
The 1964 amendment to Article 160 was therefore not intended and did not affect our holding in August v. Blache, 200 La. 1029, 9 So.2d 404 (1942): Where the wife obtains a judicial separation on the ground of her husband's fault, such judicial determination of the husband's preseparation fault as the sole legal cause of the separation cannot be re-examined in a subsequent suit for divorce grounded on the statutory ground, La.R.S. 9:302, of the spouses' non-reconciliation for a specified period after a judgment of separation. In this respect, the judicial determination is *629 conclusive whether, as here, determined after a contested hearing or, as in August v. Blache, upon confirmation of a judgment by default. See also, Comment, Relitigation of Fault in a Divorce Proceeding, 14 Loyola L.Rev. 261 (1968).

-7-
We should, at this point, note that our holding in Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941), is not necessarily inconsistent with the holding in August v. Blache, decided a year later.
Lloveras simply held that, where a husband sues for divorce on the ground of voluntary separation for a period of more than two years (La.R.S. 9:301), an earlier separation judgment in favor of the wife was not res judicata as to marital fault. Relying upon legislative history, August v. Blache merely held such a judgment is conclusive and bars re-litigation of marital fault where the divorce is sought upon the historically different ground of non-reconciliation for a specified period following the judgment of separation (i. e., the ground based upon La.R.S. 9:302).
Nevertheless, if Lloveras literally applies to a situation such as the present, the effect of a judgment of separation in favor of the wife, giving her a right to permanent alimony after a divorce is secured, could be circumvented by the husband waiting longer and filing a suit under La.R.S. 9:301 (two years voluntary separation) rather than under La.R.S. 9:302 (non-reconciliation for more than one year and sixty days after the judgment of separation).
We do not believe the legislature intended this anomalous result, and Lloveras is modified to the extent it is inconsistent with August v. Blache or with this opinion. A judgment of separation in favor of the wife is a judicial determination of the marital fault which caused the judicial separation. As to the pre-separation fault, it should constitute a conclusive determination which equally bars re-litigation of the issue of fault, when alimony is sought under Article 160, whether the divorce is based either on La.R.S. 9:301 or on 9:302. It should equally bar the husband or the wife from re-litigating such issue.
Thus, where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion is, of course, not applicable if the divorce is sought for post-separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse's pre-separation fault primarily caused the separation.
We are re-enforced in this conclusion by the relatively uniform judicial characterization of the type of fault which bars a wife's right to alimony under Article 160. The decisions hold that her conduct must be seriously violative of her marriage responsibilities and must be an independent contributory or proximate cause of the separation. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958); Felger v. Doty, 217 La. 365, 46 So.2d 300 (1950); Adler v. Adler, 239 So.2d 494 (La.App.4th Cir. 1970), certiorari denied, 257 La. 168, 241 So.2d 530 (1970). The conduct is of the grave nature which ordinarily would bar a judgment of separation in the wife's favor if the separation is sought by her on the ground of her husband's fault. Thus, the determination of marital fault by the separation judgment should be conclusive as to the legal cause of the separation, no matter upon what ground the divorce is sought.

Conclusion
We therefore affirm the holding of the district court and of the court of appeal *630 that, in these divorce proceedings grounded upon non-reconciliation following the judgment of separation, the wife is entitled to alimony without any further proof of fault than the judgment of separation by which her husband's fault was judicially determined to be the cause of the separation, and that, under these circumstances, the husband is not entitled to re-litigate this issue.
Accordingly, the decree of the previous courts is affirmed, insofar as it held the wife to be entitled to alimony; and, as provided by the now-final court of appeal decree (see Footnote 1 above), the case is remanded to the trial court for it to fix the amount of alimony to be awarded her. The husband is to pay all costs.
Affirmed.
NOTES
[1] The court of appeal remanded, however, for a re-determination of the amount of alimony to be awarded. The wife did not apply for certiorari, so this portion of the decree has become final as against her. In the absence of proof as to a change in circumstance or of any showing that such amount was inappropriate for post-divorce alimony, the trial court had simply continued the alimony at the rate provided by the separation judgment. See August v. Blache, 200 La. 1029, 9 So.2d 402 (1942). The court of appeal remanded, since there was no evidence taken at the final divorce proceedings by which post-divorce alimony could be fixed. The issue is not before us, so we express no view as to it.
[2] Article 160, as amended by Act 48 of 1964, in full provides:

"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
"1. The wife obtains a divorce;
"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
"3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
"This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
[3] The text of Article 160 as originally enacted by the Civil Code of 1870, as well as of it respectively after its 1916, 1928, 1934, and 1964 amendments, is set forth in full in the excellent 1972 Compiled Edition of the Civil Codes of Louisiana edited by Professor Joseph Dainow. See Art. 160, La.C.Comp.Ed. in 16 West's LSA-C.C. p. 100 (1972). The full history of the jurisprudential interpretations and the reasons for the 1916, 1928, and 1934 legislative amendments of the article are comprehensively and authoritatively set forth in the scholarly opinion in August v. Blache, 200 La. 1029, 9 So.2d 402 (1942), authored by Chief Justice O'Niell. The explicit reasons for the 1964 amendment are set forth in an Official Louisiana State Law Institute Revision Comment, authored by the late great Dean Henry George McMahon.
[4] La.R.S. 9:302 (1960) provides:

"When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board become final, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce. If no such divorce action is instituted within a year and sixty days from the date the judgment of separation from bed and board became final, the other spouse may sue for and obtain a judgment of absolute divorce.
"When the judgment of divorce is obtained by the husband against whom the judgment of separation from bed and board was rendered, the wife has the same rights to recover alimony as if she had obtained the divorce.
"The provisions of this section do not affect in any way the right of the spouse who obtained the judgment of separation from bed and board to retain the custody and care of the children, as provided by law."
[5] As amended by the italicized language in 1928, Article 160 provided:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where the husband has obtained judgment of divorce on the ground that the married persons have been living separate and apart for a period of seven years or more, and the wife has not been at fault, then the court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.
"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage." (Italics ours.)
[6] This statute is now found as La.R.S. 9:301 (1960), with the pre-requisite voluntary separation period reduced by a 1938 amendment to two years.
[7] Act 27 of the 2nd Extra Session of 1934 amended this phrase by substituting, after "living separate and apart", the phrase "for a certain specified period of time" instead of "for a period of seven years or more". This amendment was because the 1916 act had been amended in 1932 to provide for divorce by reason of a voluntary separation of four instead of seven years. See August v. Blache, cited above, at 200 La. 1035-1036, 9 So.2d 404.