LOTTINGER, Judge.
Appellant, Walter Foard Wilson, Jr., complains of a holding that his wife, Jerry Belle Martin Wilson, is entitled to alimony after final divorce. In early 1968, Mr. Wilson filed suit for separation from his wife on the ground of abandonment. On *630 confirmation of default on that ground, Judgment was rendered in favor of Mr. Wilson on January 26, 1968.
Mr. Wilson then filed suit for final divorce based on the ground that there had been no reconciliation. Mrs. Wilson answered asking for alimony. Judgment was rendered on June 6, 1969, granting the divorce but without any award of alimony.
Mrs. Wilson then filed a petition asking for alimony. The Trial Judge, after hearing the evidence, award Mrs. Wilson alimony in the amount of $200.00 per month. It is from this judgment that Mr. Wilson perfected this appeal.
The Trial Judge allowed Mrs. Wilson to introduce evidence on the question of fault at the alimony proceeding. Appellant believes that the Trial Court erred in allowing Mrs. Wilson to litigate the question of her lack of fault in this proceeding inasmuch as the legal separation had been granted upon the ground of her abandonment.
Appellee argues that the Trial Court properly allowed this evidence because appellant did not object to it. However, we find the following questioning of Mrs. Wilson by her attorney and objection by counsel for appellant in the transcript:
“Q. Would you explain to the court basically the circumstances of your leaving the domicile at the time of the separation?
BY MRS. O’NEAL:
“I object .to that.
BY THE COURT:
“Objection sustained. Now is there any dispute or can you stipulate in this case that she was not at fault, will you so stipulate ?
BY MRS. O’NEAL:
“No I can’t stipulate that.
BY THE COURT:
“Then we have to go into the question unless you will stipulate that.”
Appellant’s above objection was timely, and the Trial Judge sustained it. Immediately thereafter, the Trial Judge allowed appellee to go into the question of fault and appellant did not raise the same objection a second time. In view of the fact that appellant made a timely objection, it was not necessary for him to continue to object.
It is appellant’s position that since the question of fault was judicially determined in the separation suit, Mrs. Wilson is not entitled to alimony under the provisions of Civil Code Article 160, which provides:
“When the wife,; has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person. This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”
Mr. Wilson’s authority for his position that the Lower Court should not at this time go into the question of Mrs. Wilson’s lack of fault is the Louisiana Supreme Court case of Fulmer v. Fulmer, 301 So.2d 622 (La.1974). In the Fulmer case, the wife had obtained a contested separation on the ground of abandonment. After a lapse of one year and sixty days, the husband filed suit for a final divorce, and *631 the wife demanded alimony incidental to the divorce. The Louisiana Supreme Court held that the determination of fault in the separation proceeding barred re-litigation of the fault issue for purposes of Article 160 so that the husband was prevented from introducing evidence of the wife’s fault. In the Fulmer case, the Supreme Court goes beyond the instant facts and lays down authoritative rules governing the application of Article 160. The Court concluded that fault in the context of Article 160 had reference to the traditional concept of fault on which an action for separation or divorce might be founded. The Court carefully reasoned its way through the legislative history of Article 160. It is now clear that, whenever one spouse’s fault has been adjudicated in a separation proceeding, the effect of the determination is to forever preclude re-litigation of the wife’s fault, or lack of it, for purposes of Article 160. The following quotation from the Fulmer case summarizes the Louisiana Supreme Court’s statement of the law on this point:
“A judgment of separation in favor of the wife is a judicial determination of the marital fault which caused the judicial separation. As to the pre-separation fault, it should constitute a conclusive determination which equally bars re-litigation of the issue of fault, when alimony is sought under Article 160, whether the divorce is based either on La.R.S. 9:301 or on 9:302. It should equally bar the husband or the wife from re-litigating such issue.”
A writer in the Louisiana Law Review in the annual section, “Work of Appellate Courts,” 35 L.L.R. 265, recently wrote the following concerning the Fulmer case:
“As was noted in the opinion, the decision promotes judicial economy and consistency. However, it will also work injustice on those spouses who choose not to contest the action for separation in order to avoid the unseemliness of a public trial. The power to resolve this problem resides with the Legislature and not with the courts.”
The recent Louisiana Supreme Court case of Nethkin v. Nethkin, 307 So.2d 563 (La.1975) is very similar to the instant matter, and we quote a portion of that opinion:
“Having found the judgment of separation to be immune from collateral attack, it is necessary to consider the issue of the alternative claim of the wife for alimony after divorce on the ground that she has not sufficient means for her support. To succeed with this proposition the wife must demonstrate that she ‘has not been at fault.’ La. Civil Code art. 160. The question has recently been resolved in Frederic v. Frederic, 302 So.2d 903 (La.1974) and Fulmer v. Fulmer, 301 So.2d 622 (La.1974). In those cases the holding was that determination of marital ‘fault’ in the separation proceedings on the grounds of abandonment bars relitigation of the ‘fault’ issue for purposes of an award of alimony following the final divorce on the ground of no reconciliation.
“In the instant case, when the husband obtained the judgment of separation from bed and board against his wife on the ground of abandonment and cruel treatment, the judgment carried the implication that the wife, and not the husband, was at fault in the separation. The granting of the final judgment of divorce thereafter in favor of the husband, on the ground that no reconciliation had taken place as provided by Section 302 of Title 9 of the Revised Statutes, does not depend upon any question of fault on the part of either spouse. Such a divorce decree is founded entirely upon the absolute right of either spouse to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute. In fact, insofar as the divorce decree is concerned, in such a case, only evidence bearing upon the *632 question of reconciliation is relevant. August v. Blache, 200 La. 1029, 9 So.2d 402 (1942).
“Therefore, since the wife’s fault is established by the separation decree, the issue of fault can not be relitigated in the divorce action, and by the plain terms of Article 160 of the Civil Code the wife cannot assert a claim for alimony after divorce. And this result follows notwithstanding the fact that she has no means for her support.”
The wife in the matter before us argues that she is entitled to alimony because she does not have sufficient means for her support. We find no merit in this argument in light of the last paragraph quoted above.
For the above and foregoing reasons the judgment of the District Court is reversed, and Mrs. Wilson’s rule for alimony is dismissed, all costs to be paid by Jerry Belle Martin Wilson..
Reversed.