BOUTALL, Judge.
Plaintiff, Ursula Patorno Schillaci, appeals a judgment that maintained the defendant-husband’s exception of no cause of action as to plaintiff’s claim for permanent alimony after divorce based upon two years separation.
Plaintiff filed suit for divorce based upon two years separation in January, 1975, praying that she be found free from fault as to entitle her to alimony, per L.C.C. 160. The defendant filed an exception of no cause of action regarding the issue of alimony after divorce, directing the court’s attention to the fact that the plaintiff had previously been found at fault in an earlier separation proceeding and thus she was barred from relitigating the issue in a subsequent divorce action. Fulmer v. Fulmer, La.S.Ct., 301 So.2d 622 (1974). The exception was maintained, but the plaintiff was granted a final divorce based upon La.R.S. 9:302.
Plaintiff-appellant Patorno had begun this legal bout with the filing of a suit for judicial separation in 1974, alleging cruelty of her husband. The defendant reconvened, also seeking separation based upon cruelty. Judicial separation was denied, the trial court having found that there was mutual fault, and reasoning that it was impossible to determine who first acted in a fashion to draw a like response, and that *533 neither party made an effort to cooperate to attempt to straighten out their problems. Plaintiff appealed that judgment, and this court, Schillaci v. Schillaci, La.App., 310 So.2d 179 (1975), affirmed, holding that both parties had been at fault, both had equally violated their marital obligations, and therefore, relief was denied. The Louisiana Supreme Court denied writs, 313 So.2d 599.
The issue raised on this appeal is whether the previous judgment of mutual fault is sufficient to estop the plaintiff from reliti-gating the issue of fault, in light of the jurisprudence that holds that fault determination in a separation proceeding bars relit-igation of fault in a subsequent divorce proceeding, when such need be determined for the purpose of awarding alimony post-divorce, and Civil Code Article 160. Nethkin v. Nethkin, La.S.Ct., 307 So.2d 563 (1975), Fulmer (supra). Further, does this line of jurisprudence apply when alimony is sought after a suit for divorce based upon two years separation?
We think the answer to that question is yes, because of the wording of Article 160 and the doctrine of judicial estoppel, as set out in Fulmer (supra). Article 160 (as amended Acts 1964, No. 48 § 1) says “When the wife has not been at fault . the court may allow her, . . . alimony.” In the case here on appeal, the plaintiff had been guilty of fault, serious fault to the point of contributing to the breakup of the marriage. The circumstances and the facts of the earlier Schillaci suit are the same as those here on appeal. The plaintiff’s petition in this suit makes no allegations of fault-determining facts beyond those already ruled upon. The plaintiff was adjudged to be at fault in the separation suit, and that judgment has become definitive and is the law between the parties. Absent new allegations that her fault is now removed in some fashion, that fault adjudication bars her from relitigating the issue.
As the court said in Fulmer, thus modifying Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941) at page 629:
As to the pre-separation fault, it should constitute a conclusive determination which equally bars re-litigation of the issue of fault, when alimony is sought under Article 160, whether the divorce is based either on La.R.S. 9:301 or 9:302.
. for the sole effect of the separation judgment is a conclusive adjudication as to which spouse’s pre-separation fault primarily caused the separation.’ ”
The court in Fulmer (supra) also gave effect to the doctrine of judicial estoppel when it explained the legislative choice of barring relitigation based on judicial economy and consistency by having the separation causing fault determined once in the separation proceeding itself.
Plaintiff has certainly had her day in court on the issue of her fault in the marriage dissolution; the issue having been through the entire appellate review of this state. Accordingly, she should not be allowed to relitigate the fault issue when she has failed to make any new allegations upon which relief could be granted.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.