JASPER E. JONES, Judge.
Margaret McMillian Ebey appeals a judgment sustaining an exception of no cause of action to her reconventional demand for permanent alimony from her former husband, Alfred Thomas Ebey.
On January 25, 1980, a judgment of separation between Margaret C. Ebey and Alfred Thomas Ebey was granted “on the grounds of mutual fault.” On July 8, 1980, the husband sued for divorce on the grounds that he and his wife had been living separate and apart since July 7,1979. The wife reconvened for permanent alimony. The husband filed an exception of no cause of action to the wife’s reconventional demand for permanent alimony. A judgment was rendered granting the divorce on August 25, 1980. The divorce was granted under the provisions of LSA-R.S. 9:301 which authorizes a judgment of divorce when the spouses have been living separate and apart for one year. The divorce judgment left undecided the wife’s reconven-tional demand for permanent alimony. On October 10th, a judgment was signed which sustained the exception of no cause of action to the wife’s claim for permanent alimony, and she has appealed this judgment. We affirm.
The wife’s claim to permanent alimony is based upon LSA-C.C. art. 160 which pro *791 vides that a spouse who has not been at fault and has not sufficient means for her support is entitled to receive alimony after divorce.
Mutual fault, which provides a grounds for a separation under the provisions of LSA-C.C. art. 141, is conduct which would provide each of the parties with an independent ground for a separation under the provisions of LSA-C.C. art. 138.[1] Adams v. Adams, 389 So.2d 381 (La.1980); Post v. Post, 376 So.2d 1275 (La.App.2d Cir. 1979); Saucier v. Saucier, 357 So.2d 1378 (La.App. 4th Cir. 1978); Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980); Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979); Watson v. Watson, 372 So.2d 639 (La.App. 1st Cir. 1979); Miller v. Miller, 398 So.2d 1162 (La.App.2d Cir. 1981).
The appellant has been found at fault in the separation by the judgment awarding the separation based upon mutual fault. This judgment was not appealed, and is now final.
The determination of fault in a separation proceeding bars relitigation of pre-sep-aration fault for the purpose of determining the wife’s right to permanent alimony following divorce. Fulmer v. Fulmer, 301 So.2d 622 (La.1974); Nethken v. Nethken, 307 So.2d 563 (La.1975); Thomason v. Thomason, 355 So.2d 908 (La.1978); Schillaci v. Schillaci, 339 So.2d 532 (La.App. 4th Cir. 1976); Brannon v. Brannon, 362 So.2d 1164 (La.App.2d Cir. 1978).
In Fulmer, supra, the court made it clear that once the issue of fault is determined in the separation proceeding that it could not be relitigated in the divorce proceeding even if the divorce was sought on the grounds of living separate and apart for two years under LSA-R.S. 9:301,[2] (this statute has been amended since Fulmer to reduce the period of required separation to one year) rather than based upon the grounds of no reconciliation for one year following the separation under LSA-R.S. 9:302. The court in Fulmer stated:
“A judgment of separation in favor of the wife is a judicial determination of the marital fault which caused the judicial separation. As to the pre-separation fault, it should constitute a conclusive determination which equally bars re-litigation of the issue of fault, when alimony is sought under Article 160, whether the divorce is based either on La.R.S. 9:301 or on 9:302. It should equally bar the husband or the wife from re-litigating such issue.” Id. at 629. [emphasis supplied]
The appellant could not state a cause of action for permanent alimony under LSA-C.C. art. 160 because she had earlier been adjudicated at fault in the separation judgment which was granted on mutual fault.
The cited jurisprudence constitutes overwhelming authority to support the trial judge’s action in sustaining the exception of no cause of action to the claim for permanent alimony in the husband’s suit for divorce based upon LSA-R.S. 9:301 following a separation granted on mutual fault.
We also note that the provisions of LSA-C.C. art. 141, which authorizes the mutual fault separation, specifically provide that no permanent alimony shall be awarded following divorce:
“A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.” [our emphasis.]
The judgment is AFFIRMED at appellant’s cost.

. LSA-C.C. art. 138 — “Separation from bed and board may be claimed reciprocally for the following causes:

3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable; ...”

. LSA-R.S. 9:301 — “When the spouses have been living separate and apart continuously for a period of one year or more, either spouse may sue for and obtain a judgment of absolute divorce.”