GRISBAUM, Judge.
In this divorce proceeding, June Valley Morgan appeals the trial court’s finding that she is not free of fault and therefore not entitled to permanent alimony. The issue involves relitigation of fault in a divorce proceeding based on living one year separate and apart when the judgment dismissing the fault issue in the separation proceeding is being appealed.
On January 30, 1980, Rodney Stephen Morgan filed suit against his wife, June Valley Morgan, seeking a legal separation on the grounds of cruel treatment or alternately mutual fault between the parties. Mr. Morgan later stipulated as to this fault. Mrs. Morgan reconvened seeking a separation on the grounds of abandonment. On October 31, 1980, Judge Collins tried the separation suit and dismissed it for lack of sufficient evidence to prove fault. On January 6,1981, the dismissal was suspensively appealed by Mrs. Morgan. On February 5, 1981, Mr. Morgan filed for divorce on the grounds of living separate and apart for one year. La.R.S. 9:301. Mrs. Morgan reconvened for adultery. The divorce was tried before Judge Kamo on January 7, 1982 and judgment was signed the next day granting a divorce and finding Mrs. Morgan not free of fault. On February 9,1982, the Fourth Circuit Court of Appeal reversed the trial judge’s dismissal of the separation action and granted the separation based on the husband’s abandonment. On January 15, 1982, the divorce was appealed to this court.
The first issue is whether the trial court must wait until a separation suit is appealed and becomes final before hearing a divorce sought on La.R.S. 9:301. There is no such statutory requirement. La.R.S. 9:302 does have such a requirement. La. R.S. 9:302 states that if an appeal is taken from a judgment of separation, a suit for divorce may not be commenced until the day after the judgment becomes definitive. La.R.S. 9:302 is grounded on non-reconciliation for one year from the judgment of separation. However, a divorce based on § 301, as in the instant case, does not depend on a separation judgment. There is, therefore, no corresponding requirement to delay the suit pending an appeal of a separation judgment.
Appellant, Mrs. Morgan, also claims that the court of appeal’s ruling of appellee, Mr. Morgan, at fault on the grounds of his abandonment bars relitigation of the issue of fault at the divorce hearing. It is true a definitive judicial determination in a separation proceeding of the party at fault bars relitigation of the issue in a subsequent divorce proceeding. Fulmer v. Fulmer, 301 So.2d 622 (La.1974). This is so even when a divorce is sought based on La.R.S. 9:301, living separate and apart, rather than a divorce based on the separation decree. Fulmer v. Fulmer, supra; Schillaci v. Schillaci, 339 So.2d 532 (La.App. 4th Cir.1976). However, at the time the trial judge heard the divorce proceeding, the fault issue had been dismissed by the trial judge in the separation suit and was on appeal. Therefore, there was no *543 determination of the party at fault much less a definitive judgment. There was, therefore, no jurisprudential bar to litigating the fault issue.
However, the status of the fault issue is presently in a different posture. Subsequent to the trial on the divorce, the Fourth Circuit Court of Appeal rendered a judgment in the separation suit reversing the trial court and determining the husband to be at fault for abandonment. This implicitly holds the wife to be free of fault because it is only when the abandoned spouse is given no lawful cause for the abandonment that he or she may secure judgment. Broussard v. Broussard, 275 So.2d 410 (La.App. 3d Cir.1973). The Fourth Circuit judgment has since become definitive. This court is thus presented with a definitive judgment of fault.
The holding of Fulmer v. Fulmer, supra that a judicial determination in the separation proceeding of the party at fault bars relitigation in the divorce proceeding is based on an interpretation of the legislative intent of La.C.C. art. 160. The Supreme Court stated in Fulmer it perceived the legislative choice to be “based on the judicial economy and consistency represented by having the separation-causing fault determined once and in the separation proceedings itself, rather than litigating (or re-litigating) it in the much later divorce proceedings — where, with different testimony or less recent recollection, the separation-causing fault might even be determined contrary to that determined at an earlier well-tried and hotly-contested separation adjudication.”
Judicial economy is not served in the instant case by adhering to the separation suit determination of fault. The issue of fault has already been relitigated in the divorce proceeding as the judge was confronted with no judgment determining fault. The problem of consistency is however illustrated in this ease. The holding of the court of appeal in the separation suit and the trial judge in the divorce proceeding are contrary. We must determiné which judgment to recognize. To uphold the finding of fault by the trial judge in the divorce proceeding would set a precedent for allowing the losing party in the separation suit to file a divorce based on one year living separate and apart and relitigate the question of fault as long as the separation judgment was not yet final. An issue as important as fault should not be determined by a race through the appellate system to see whether the separation or divorce judgment becomes final first.
Had the appellate court agreed with the trial court in the separation suit that there was not sufficient evidence to prove fault in that case and that judgment had become definitive, then we would recognize the finding of fault by the judge in the divorce proceeding and decide accordingly. However, because there is a final judgment determining fault in the separation proceeding, we feel it best serves the interest of the parties and the judicial system to recognize that definitive judgment.
Although we recognize the final judgment of fault from the separation proceeding which held the husband to be at fault for abandonment, the wife has not proven the essential element under La.C.C. art. 160 of necessitous circumstances. For that reason, we do not award permanent alimony.
Recognizing the definitive finding of fault in the separation suit, we affirm the judgment of divorce and set aside the finding of fault in the divorce judgment.
AFFIRMED IN PART, SET ASIDE IN PART.