YARRUT, Judge.
This is an appeal from a judgment denying alimony to the wife, following a final judgment of divorce, on the ground she had ample means of her support.
Judgment of separation was first granted the wife on May 20, 1959, following which she and her husband made a settlement of the community, whereby the wife was to receive $30,000, payable in five years at at the rate of $6,000 per year, beginning July, 1959, and ending July, 1964. In addition, the wife received title to the family residence, appraised at $46,000 but burdened with a vendor’s lien and mortgage which the 'husband agreed to pay. At the *268 time of the hearing of the rule for alimony, this vendor’s lien had been reduced by the husband to $17,000. In addition to the family residence, she had furniture and household effects valued at $2,500.
She received payment of the $30,000 at the rate of $500 a month from her husband from July, 1959 to July, 1964. In addition, she received alimony for herself and her two children at the rate of $700 per month in 1959 and 1960, but her alimony was discontinued in January, 1961.
As per written stipulation entered into by the parties and filed in the record here, the wife presently has cash assets of approximately $4,500, and a monthly income of $500 as follows:
1. $479, the net amount received from the sale of the family residence, after first deducting the $17,000 vendor’s lien (assumed but not paid by her husband), judgments for personal debts recorded against her, and costs of the sale;
2. Her husband refunded to her the $17,000 vendor’s lien and mortgage by paying her $2,000 cash, and agreed to pay the balance at the rate of $300 a month for sixty months, which she assigned to her father in consideration of $2,000 cash, $500 a month for twelve months, and the cancellation of past indebtedness.
While the husband admits he earned $3,000 per month or $36,000 per year, subject to income tax of $9,240 and payment of various and sundry debts, we need not consider his income at this time because the wife estimated her monthly living expenses as $483. Therefore, at this time she has sufficient means for her support.
The amount of alimony a wife is entitled to is not what is needed to maintain her in the manner in which she was accustomed to live, but the amount sufficient for her maintenance. “Maintenance” contemplates primarily food, clothing and shelter, not to exceed one-third of her husband’s income, subject to review by the court at any time. LSA-C.C. art. 160. Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Fruehan v. Fruehan, La.App., 153 So.2d 75; Brown v. Harris, 225 La. 320, 72 So.2d 746; Smith v. Smith, 217 La. 646, 47 So.2d 32.
The judgment of the district court is affirmed; each party to bear his own costs in both courts.
Judgment affirmed.