SAMUEL, Judge.
We have before us two appeals from two judgments rendered at different times in this separation and divorce proceeding.
On September 12, 1972 Dorothy Nash Dunn instituted suit against her husband, Dr. Adolphus W. Dunn, for a separation from bed and board on the ground of abandonment. The defendant accepted service and consented to pay alimony pen-dente lite in the sum of $800 per month. He filed no answer and, in due course, Mrs. Dunn obtained a judgment of separation by default. The judgment also awarded her alimony pendente lite in the consented amount of $800 per month.
After the rendition of the judgment of separation Dr. Dunn filed a petition for divorce under the provisions of LSA-R.S. 9:302.[1] Insofar as is pertinent to these appeals, he alleged Mrs. Dunn was not entitled to either permanent alimony or alimony pendente lite because she had been at fault in the separation and, alternatively, that the alimony pendente lite should be reduced because of a change in her financial circumstances. A rule was issued ordering Mrs. Dunn to show cause why the previous award of alimony pendente lite in the amount of $800 per month should not be set aside or, alternatively, reduced.
Mrs. Dunn filed exceptions of res judi-cata and judicial estoppel and an answer to the petition. She also reconvened for a divorce and permanent alimony. The two exceptions were directed at the attempt to terminate alimony post lite. The husband then filed a supplemental and amended petition invoking the doctrine of comparative rectitude and Mrs. Dunn then filed an exception of prematurity to the rule nisi.
Following trial on the exceptions, there was judgment maintaining the exceptions of res judicata and judicial estoppel, precluding a reopening of the question of fault, and dismissing the exception of prematurity. Dr. Dunn has appealed from that judgment and Mrs. Dunn has answered the appeal seeking a reversal of that part of the judgment which dismisses her exception of prematurity. Her answer to the appeal also prays for attorney’s fees for frivolous appeal. We address ourselves to this appeal first and will consider the second appeal later in the opinion.
*582 Dr. Dunn’s appeal presents the question of whether or not a determination of fault in a separation proceedings based on abandonment bars relitigation of the fault issue for purposes of an award of alimony following the final divorce.[2] The question now has been set to rest by the recent Supreme Court case of Fulmer v. Fulmer, 301 So.2d 622, handed down on October 11, 1974. In that case the Supreme Court resolved the conflicts in the holdings of our intermediate appellate courts and held that in divorce proceedings grounded upon nonreconciliation following a judgment of separation obtained by the wife on the ground of abandonment, the wife is entitled to alimony without any further proof of fault than the judgment of separation by which her husband’s fault was judically determined to be the cause of the separation and that under these circumstances the husband is not. entitled to relitigate the issue of fault.
Relative to Mrs. Dunn’s answer to her husband’s appeal, ■ the only argument, orally or otherwise, in support of the prematurity exception we have been able to find is contained in the exception itself. The argument appears to be that because a wife’s- right to alimony pendente lite is terminated only upon the dissolution of the marriage, and because the marriage in the instant case had not been dissolved, the obligation of the defendant to pay alimony pendente lite continues to exist.
The argument ignores the question presented. The obligation does continue to exist. However, under LSA-C.C. Art. 148 the wife is entitled to alimony pending her suit for separation from bed and board and prior to a judgment of divorce if she has not a sufficient income for her maintenance; and the amount thereof must be proportioned to her needs and to the means of her husband. Thus, the issue alternatively presented by the rule is not whether the obligation to pay alimony pendente lite continues to exist; it is whether, because of an alleged change in financial circumstances, plaintiff now has sufficient income to justify a termination or reduction in the $800 per month alimony pendente lite previously awarded. The exception of prematurity to the rule nisi was properly dismissed.
The simple answer to appellee’s prayer for damages for frivolous appeal is that in view of the highly unsettled and contradictory state of the jurisprudence relative to the issue involved in the appeal at the time the appeal was taken (i. e., prior to the Fulmer decision),[3] the appeal clearly was not frivolous.
Subsequent to the appeal taken by Dr. Dunn and while that appeal was pending, he filed a new rule to reduce alimony pen-dente lite based on the fact that the community had been partioned and Mrs. Dunn had received her one-half share thereof. The wife filed exceptions of lis pendens and lack of jurisdiction over the subject matter to that rule nisi. The trial court overruled the exceptions and rendered judgment reducing the alimony pendente lite from $800 per month to $450 per month. Mrs. Dunn has appealed from that judgment.
In this court she contends: (1) lis pen-dens required dismissal of the second rule to reduce alimony; (2) the trial court lacked jurisdiction to consider a reduction of alimony pendente lite once that issue was pending on appeal; (3) in the event the trial court was not deprived of jurisdiction, interest from the wife’s one-half of the community cannot be considered in determining whether she has sufficient income to warrant a reduction; and (4) the *583 reduction to $450 is not warranted when, as is the case here, the assets of the wife consist of only the amount received by her from a partition of the former community.
Appellant’s first contention relative to lis pendens is without merit. Lis pen-dens (LSA-C.C.P. Art. 531) permits a defendant to have all but the first suit dismissed when there are two or more suits pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object. Here there is only one suit and it is before the same court and the same trial judge. The award of alimony pendente lite is a part of that one suit; such an award is not a final judgment; it is open to reexamination and change by the trial judge at any time altered conditions and circumstances warrant.[4] Lis pendens is inapplicable in the instant case.
The second contention is based on the argument that the appeal taken by Dr. Dunn divested the trial court of jurisdiction over his second rule to reduce alimony pendente lite under the provisions of LSA-C.C.P. Art. 2088, which reads:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
(1) Allow the taking of a deposition, as provided in Article 1437;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party; or
(7) Execute or give effect to the judgment when its execution of effect is not suspended by the appeal.
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code.” LSA-C.C.P. Art. 2088 (Emphasis ours).
As pointed out by this court in the case of Rakosky v. Rakosky,[5] LSA-C.C.P. Art. 2088 does not deprive the trial court of jurisdiction except “over all matters in the case reviewable under the appeal.”
The only issue concerning alimony pen-dente lite involved in the suit filed by Dr. Dunn was in connection with his alternative rule to show cause why such alimony should not be terminated or reduced. That rule was not tried on its merits; the judgment rendered and appealed from only decided the exceptions. The question of whether or not there should be a reduction in the amount of alimony pendente lite was not decided until after Dr. Dunn’s appeal had been taken and was pending. His appeal does not involve the merits of the rule to reduce; that question is a matter reviewable only under the appeal taken by Mrs. Dunn and not reviewable under the appeal taken by Dr. Dunn. Thus, the trial court was not divested of jurisdiction to hear the merits of the rule to reduce alimony pendente lite.
*584 We also find no merit m the third contention, that interest from the wife’s one-half of the community cannot be considered in determining whether a reduction in the amount of alimony pendente lite is warranted. Certainly, interest received by the wife from her share of the community property which now is in her possession and control is a part of her income within the meaning of LSA-C.C. Art. 148. In McMath v. Masters,[6] also involving a community property settlement, the Third Circuit held, and we agree that although the wife cannot be required to obtain employment or to deplete all of her capital before she is entitled to receive alimony pendente lite, as she may retain all of the capital received by her in the settlement and use only the income therefrom, she can be required to make some reasonable use of that capital to produce income without risk to or depletion of the capital.
Finally, we disagree with Mrs. Dunn’s fourth contention, that on the facts the trial court should not have reduced the amount of alimony pendente lite from $800 per month to $450 per month. Other than the stipulation by Dr. Dunn by which he agreed to pay $800 per month and the document evidencing the amicable partition of the community property (which document was introduced into evidence), the records before us contain no testimony or other evidence relative to the income and needs of the wife or the means of the husband. The settlement does show Mrs. Dunn has received in excess of $70,000 as her share of the community property.
Under these circumstances, particularly in view of the fact that reasonable use of the property Mrs. Dunn now has and which she did not have at the time of Dr. Dunn’s stipulation, should yield interest at today’s rates in 'an amount approximately equal to the difference between $800 per month and $450 per month, we cannot say the trial judge committed error or abused his discretion in making the reduction.
For the reasons assigned, the judgments appealed from are affirmed; each litigant to bear his or her own costs of these appeals.
Affirmed.

. Revised Statute 9 :302 provides :
“When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board was signed, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce. If no such divorce action is instituted within a year and sixty days from the date the judgment of separation from bed and board was signed, the other spouse may sue for and obtain a judgment of absolute divorce.” LSA-R.S. 9 :302.

. The wife is entitled to alimony pendente lite regardless of fault and appellant makes no contention to the contrary.

. This appeal was taken on January 29, 1974 and Fulmer was handed down by the Su-l)reme Court on October 11, 1974, after the appeal had been argued and submitted. Ful-mer contains a full discussion of the confict-ing jurisprudence.

. McMath v. Masters, La.App., 198 So.2d 734 and cases cited therein.

. 275 So.2d 421.

. Citation, footnote 4.