311 So.2d 910 (1975)
Neila LeBlanc, wife of Eugene James LOYACANO
v.
Eugene James LOYACANO.
No. 6742.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Rehearing Denied May 15, 1975.
Writ Refused June 23, 1975.
*911 A. D. Freeman, New Orleans, for plaintiff-appellee.
Wiedemann & Fransen, Lawrence D. Wiedemann, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
This appeal involves judgments on two rules relative to modification of an award of alimony and child support.
In November, 1971 Mrs. Eugene Loyacano obtained a default judgment of divorce *912 pursuant to R.S. 9:301 on the grounds of living separate and apart for two years. The judgment further awarded Mrs. Loyacano alimony at the rate of $1,000.00 per month and support for their two minor children at the rate of $1,000.00 per month, as prayed for in the petition.
In May, 1970 Mrs. Loyacano filed a rule to increase both the alimony and child support awards, alleging among other things that Dr. Loyacano had previously supplemented these awards on a voluntary basis but had stopped the supplemental payments. Judgment on the rule, rendered by default on June 7, 1974, increased the alimony and child support to $1,100.00 and $1,500.00 per month respectively.
On June 10, 1974 Dr. Loyacano, appearing through counsel for the first time in the record, filed a motion for a new trial, contending that the law and the evidence did not support the judgment rendered on the rule.
On June 13, 1974 Dr. Loyacano additionally filed a rule to reduce the child support and to revoke or reduce the alimony.
The hearing on the application for new trial, on the rule to reduce, and on other rules not pertinent to this appeal, was held on July 26, 1974. The trial judge on the same day signed a judgment denying the new trial and dismissing the rule. Nineteen days later Dr. Loyacano filed a petition appealing "devolutively from the final judgment rendered in the above entitled and numbered cause on the 26th day of July, 1974."
At the threshold we must decide whether Dr. Loyacano's appeal brings before us for review the judgment of June 7, 1974, which increased the original alimony and child support awards.
In Fruehauf Trailer Company v. Baillio, 204 So.2d 139 (La.App.4th Cir. 1967) the trial court judgment was rendered on May 18, 1966; the timely application for a new trial was denied by judgment rendered August 8, 1966; and the appellant filed a motion for appeal stating that he desired to appeal from the August 8 judgment. This court observed that a judgment denying a motion for new trial is not appealable and, since appellant had no right to appeal from the August 8 judgment, dismissed the appeal. The Supreme Court reversed at 252 La. 181, 210 So.2d 312 (1968), holding that an appeal will not be dismissed for technicalities and that appellant's inadvertency did not constitute a substantial cause for dismissal. The court noted that appellant obviously intended to and did appeal from the May 18 judgment. See also Kirkeby-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904 (1967).
In the present case there were two final judgments which had not yet become definitive when the appeal was filed. However, the judgment of June 7 increasing alimony and child support and the judgment of July 26 denying the rule to decrease alimony and child support were so interrelated that we cannot reasonably conclude the husband's appeal was intended to seek relief from only one judgment, although he did not specifically mention the earlier judgment in his petition for appeal.[1] This conclusion is further buttressed by the fact that Dr. Loyacano's application for a new trial was heard (and judgment denying a new trial rendered) on the date mentioned in his petition for appeal.
We therefore conclude that Dr. Loyacano intended to and did appeal from both the judgment rendered on June 7, 1974 and the judgment rendered on July 26, 1974.
Judgment of June 7, 1974
This default judgment increased the 1971 award of alimony and child support. Mrs. Loyacano, the only witness, testified that *913 her husband had regularly furnished, in addition to the $2,000.00 monthly support and alimony ordered by the court, an additional amount of approximately $6,000.00 a year in the form of summer camp, vacation and maid expenses, school tuition, and dental and orthodontist bills. When he discontinued these supplemental payments, Mrs. Loyacano filed the rule to increase. Mrs. Loyacano did not itemize her own or the children's needs, nor did she offer any specific evidence to support the need for the requested increase. She offered only general statements that her expenses were greater in caring and providing for teenagers and that costs of food, clothing, utilities and other necessities were higher than in 1971.
We conclude the trial judge erred in granting the increase in child support on the evidence presented. There was no showing as to the circumstances which surrounded the 1971 award or as to any change in circumstances which would justify the increase. Of greater significance, there was no showing of circumstances existing in June, 1974 which would justify an award of $750.00 per child.
We further conclude the evidence did not support an increase in alimony. Although Mrs. Loyacano testified that she was not employed in June, 1974 and that she had been employed at the time of the 1971 award (and thus showed a change in circumstances), she offered no evidence whatsoever that she did not have sufficient means for her maintenance as contemplated by C.C. art. 160. The wife has this burden of proof. Frederic v. Frederic, La., 302 So.2d 903 (1974).
We accordingly set aside the judgment rendered by default on June 7, 1974.
Judgment of July 26, 1974
When Dr. Loyacano attempted to present proof to substantiate his demand for a decrease or termination of alimony and child support, the trial judge declined to consider any evidence which did not relate to a change in circumstances since June 7, 1974, the date of the last judgment setting alimony and child support. Inasmuch as we have concluded above that the June 7 judgment must be set aside, there is no valid judgment affecting alimony or child support subsequent to the 1971 judgment which originally fixed the amounts. It is therefore necessary to set aside the July 26 judgment denying the rule for decrease or termination and to remand the case for further evidence, which may include evidence relating to changes in circumstances since November, 1971.
For these reasons, the judgment rendered by default on June 7, 1974 is set aside, and Mrs. Neila Loyacano's rule for an increase in alimony and child support may be reset for hearing upon proper motion. The judgment rendered on July 26, 1974 is also set aside, and Dr. Loyacano's rule to decrease or terminate alimony and child support may be reset for hearing upon proper motion. The case is remanded to the trial court for further proceedings. Assessment of costs will be deferred until disposition of the rules.
Judgments set aside, case remanded.

ON APPLICATION FOR REHEARING.
PER CURIAM.
On application for rehearing, Mrs. Loyacano contends the trial court judgment increasing child support can be maintained on the record, because Mrs. Loyacano was not seeking an actual increase, but rather was seeking to perpetuate the status before her former husband terminated the voluntary supplemental payments.
The record does show Dr. Loyacano, in addition to furnishing the court-ordered support, did pay these additional expenses, at least some of which could be considered normally required expenses to be considered in setting child support.
*914 Since the record does not show, however, a total sum of expenses required for raising the children, we do not have a total sum of requirements to compare to the total sum of support payments ordered. Stated otherwise, while the record somewhat supports a finding that Dr. Loyacano's $500.00 per month voluntary payments were necessary for some required expenses, the record does not support a finding that the total required expenses of child support amounted to $1,500.00 per month.
Application denied.
NOTES
[1] When Dr. Loyacano's counsel orally moved for an appeal upon the trial judge's ruling at the completion of the July 26 hearing, he requested that the June 7 testimony also be transcribed, thus indicating further his intention to appeal from both judgments.