LEMMON, Judge.
Milford Kent has appealed from that part of the judgment of divorce which awarded his wife alimony under C.C. art. 160. The divorce judgment was rendered pursuant to R.S. 9:302 on petition filed one year after his wife had obtained by default a separation judgment grounded on fault.
Kent acknowledges the holding of Fulmer v. Fulmer, La., 301 So.2d 622 (1974), to the effect that once the husband’s fault is judicially determined to he the cause of the separation, the wife is entitled to alimony after divorce without further proof of fault. H'owever, Kent points out that the Fulmer decision was rendered after the default judgment taken against him and should not be retroactively applied. This argument was considered and rejected in Mendoza v. Mendoza, 310 So.2d 154 (La. App. 4th Cir, 1975), cert. den. 313 So.2d 827. Accordingly, the trial court correctly concluded "the wife has not been at fault”. C.C. art. 160.
Mrs. Kent’s net monthly income from her employment was $327.94.[1] She did not testify as to other means of support.
Mrs. Kent itemized her monthly expenses in the amount of $588.97, and the trial court apparently concluded she did not have “sufficient means for her support” and fixed alimony at $50.00 per month. We do not believe the evidence supports an award in this amount.
Mrs. Kent only prayed for $40.00 per month. Since the amount required in alimony is usually within the litigant’s knowledge and competence, the amount of the demand may have possible bearing on the determination of the maximum amount of need.[2] This consideration, however, is not conclusive of the determination, and we would not bind a litigant on that basis alone to the amount of the demand (possibly supplied in the pleadings by counsel) when the higher amount awarded is solidly supported by the evidence.
More importantly, the itemized expenses supporting the demand were inadequately explained. The list included separate monthly items for car payment ($75.-00), transportation to the job ($40.00), gas, oil, etc. ($50.00), and car insurance ($30.-00), the total of $195.00 being about 60% of her net monthly income. The list also included $20.00 for doctors and $20.00 for medicines and drugs, but Mrs. Kent testified she incurred only $40.00 in doctor bills in the 22 months immediately preceding trial. Admittedly, Mrs. Kent testified that the monthly amount estimated for doctors was to pay installments on bills existing at the time of their separation (for an extended illness in the past). This expense, however, was a non-recurring community debt owed by the husband and only the average of current medical expenses should be included in the alimony award.
The award of alimony under C.C. art. 160 is based primarily on needs for food, clothing and shelter, but also includes *819 “such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former wife.” Bernhardt v. Bernhardt, La., 283 So.2d 226 (1973). At a rule more than a year earlier, alimony pen-dente lite (which is based on the husband’s continuing obligation to support the not-yet divorced wife in a style similar to that which she enjoyed while they were living together) was set at $40.00 per month.[3] Considering the more stringent standard for setting alimony under C.C. art. 160 and the confusing evidence in support of the demand, we conclude that although Mrs. Kent does not have sufficient means for her support, the award should be limited on the basis of this record to the $40.00 monthly amount demanded in the petition.
Accordingly, the judgment is amended to decrease the award to $40.00 per month. As amended, the judgment is affirmed.
Amended and affirmed.

. At time of trial she was additionally receiving alimony pendente lite at the rate of $40.-00 per month.

. We distinguished this situation from the amount demanded as general damages in a tort case, an area in which the litigant’s estimate is worthless, and the attorney generally assigns an arbitrary amount.

. At the time of the rule the husband was additionally receiving $260.00 in Veteran’s benefits monthly for a period of seven months. At time of trial he was no longer receiving these benefits, but his net monthly salary had increased by $121.00 to $629.00.