SCHOTT, Judge.
This case is before us after a trial on remand pursuant to our opinion in Loyacano v. Loyacano, 311 So.2d 910 (La.App. 4th Cir. 1975). Mrs. Loyacano had originally secured a judgment in November, 1971, providing her with $1,000 per month alimony' and $1,000 per month for the support of two minor children born on January 10, 1959, and May 3, 1960. Both parties have now appealed from the judgment which reduced the alimony to $300 per month and dismissed the rules to increase and reduce child support.
Mrs. Loyacano produced a schedule of expenses which would tend to support an award of $740 per month per child. On the other hand, Dr. Loyacano produced a schedule of expenses which would tend to support an award of $432 per month per *366 child. The differences between the figures result from different amounts being allocated for such items as entertainment, allowances, summer camp, vacations and Christmas presents. The record does not indicate that Mrs. Loyacano has exaggerated or that Dr. Loyacano has underestimated these various expenses but the respective figures represent an honest effort on the part of each party to estimate a fair amount for the support of these almost grown children. Nevertheless the nature of an adversary proceeding in which human emotions are so deeply involved invariably results in the parties both shading their estimates to support their respective positions. Furthermore, the problem at arriving at a proper figure for child support cannot be solved by the precise science of mathematics. Invariably the amount fixed by the trial judge is vulnerable to arguments on both sides that it should have been more or less. It is for these reasons, among others, that our jurisprudence is to the effect that alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975). We are not persuaded that such a showing has been made in the instant case.
Mrs. Loyacano has relied heavily on evidence that until February, 1974, when Dr. Loyacano remarried, he gave to her and/or his children sums of money over and above that which he was required to pay under the November, 1971, judgment for such items as school tuition, salary of a maid, summer camp and vacation and dental work for the children. She argues that his discontinuation of these extra payments resulted in a change in circumstances and a corresponding change in the needs of the children. However, most of the items for which these extra payments were made were included in the schedules of needs for the children which have already been discussed. The largest item among these extra payments, some $1700 for maid service, was paid at a time when Mrs. Loyacano was employed; that is, before she resigned from her $500 a month position in July, 1974. That she is no longer working and has custody of her children offsets any increase in need she may have by the elimination of these extra payments for maid service.
As to entitlement of alimony under LSA-C.C. Art. 160, she is not entitled to such if she has sufficient means for her maintenance, and in determining such means her assets must be considered along with her income. Frederic v. Frederic, 302 So.2d 903 (La.1974). The evidence shows that Mrs. Loyacano became the owner of General Motors common stock in 1972 and 1974 which had a market value of $5,625 at the time of the trial. She had $20,000 in certificates of deposit in a savings and loan association, $1,200 on deposit in savings and checking accounts, and $2,500 accumulated in a pension fund with her former employer, the Clerk of the First City Court for the City of New Orleans. These total $29,325. There is a stock pledge of $6,000 against the savings and loan certificates which was made for the purchase of an automobile in 1975 for $5,500. In 1973 Dr. Loyacano gave her $25,000 for the down payment on the home she occupies with her children. This was purchased for $41,500 and currently has a mortgage balance outstanding of approximately $28,500, leaving an equity of almost $13,000. She also owns a 1964 automobile.
We have considered these assets as an established change in circumstances because the stock certificates were purchased in 1972 and 1974 and the savings and loan certificates are all dated 1973. The equity in the Clerk’s fund has gone up some $750 since 1971.
When Mrs. Loyacano’s circumstances are considered in the light of the discussions by the Supreme Court in Frederic v. Frederic, supra, and Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), we are required to reverse the trial judge’s award of this item.
Accordingly, that portion of the judgment appealed from in favor of Neila Le-Blanc Loyacano and against Eugene James Loyacano, condemning him to pay alimony *367 in the sum of $300 per month, is reversed and set aside and there is judgment in favor of Eugene James Loyacano and against Neila LeBlanc Loyacano making absolute his rule to discontinue alimony payments.
That portion of the judgment in favor of Neila LeBlanc Loyacano and against Eugene James Loyacano dismissing his rule to reduce child support and maintaining such at $1,000 per month is affirmed.
Each party is to pay his or her own costs.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.