GULOTTA, Judge.
In this appeal by the husband from a judgment in a rule to reduce alimony, we are confronted with three questions: 1) whether the wife is entitled to any alimony after divorce; 2) if she is so entitled, whether the award, after reduction, is excessive; and, 3) whether the judgment of reduction should be retroactive to the date of the filing of the rule.
The trial judge awarded, after divorce, pending settlement of the community, $850.00 per month alimony. After settlement of the community, in response to a rule to reduce, the court ordered Nielsen to pay $500.00 per month alimony. The rule to reduce was filed on May 26, 1976, and heard on June 18, 1976. Judgment was rendered on September 16, 1976. It is from this judgment that the husband appeals.
It is the husband’s claim that the wife’s ownership of an automobile, home furnishings and the family home (acquired by her in the community settlement) valued at $48,000.00 with an outstanding $27,000.00 mortgage upon which monthly payments were being made by Nielsen constitutes sufficient assets to relieve the husband from the payment of alimony under LSA-C.C. art. 160. Alternatively, Nielsen contends that a $500.00 alimony award exceeds “one-third of his income . . . .” (LSA-C.C. art. 160.) According to the husband, net monthly earnings derived from his business amount to $1,124.00.
According to the wife, the family home is valued at $40,000.00 and the balance on the mortgage amounts to $27,050.95. Mrs. Nielsen claims that she is unable to work because of physical infirmities and is unable to obtain needed surgery because of lack of hospitalization insurance. The wife argues that the husband’s income is suspect because he is president and 90% owner of the stock of the company from which he derives his income. She points out that Nielsen exercises exclusive control of his salary and that his present wife, while employed, had received $800.00 per month as a bookkeeper for the company.[1]
It is the divorced wife’s position that her assets are the equity from the real property amounting to $12,949.05, together with house furnishings and an automobile requiring extensive repairs. Contending that she has no liquid assets or ready cash upon *1215 which to provide funds for her support, Mrs. Nielsen argues that she is without sufficient means for her support and is entitled to alimony.
Insufficient means for the wife’s maintenance and support has been defined primarily as an inadequate amount to provide food, clothing and shelter. See LSA-C.C. art. 160; Frederic v. Frederic, 302 So.2d 903 (La.1974). Considering that the wife’s assets consist of household furnishings, an automobile and the family home upon which an outstanding mortgage exists in excess of one half the value of the property (the husband is making the monthly mortgage payments in accordance with a property settlement), we conclude the divorced wife is entitled to alimony. Mrs. Nielsen’s financial circumstances in our case are similar to those of the wife in Mendoza v. Mendoza, 310 So.2d 154 (La.App. 4th Cir. 1975), writ denied, 313 So.2d 827 (La.1975), who earned approximately $200.00 per month from part-time work and who had received from the community settlement the family home encumbered by a mortgage, an automobile and household furnishings. In that case, we stated the wife need not dissipate the sum received by her in the community settlement before being entitled to alimony under LSA-C.C. art. 160.
We distinguish the instant case from our recent decision in Loyacano v. Loyacano, 343 So.2d 365 (La.App. 4th Cir. 1977) and the Supreme Court decision in Frederic v. Frederic, supra. The wife in Loyacano, unlike the wife in the instant case, possessed substantial liquid assets. Mrs. Loyacano owned stock, certificates of deposit, checking and savings accounts, and accumulation in a pension fund totalling $29,325.00. In addition, her equity in the family home amounted to $13,000.00. She owned two automobiles. The wife in Frederic had received a check in the amount of $20,700.00 as her share of the proceeds of the sale of a portion of the community real estate and her remaining undivided interest in community property totalled in excess of $73,-000.00.
Having found the wife’s entitlement to alimony, we conclude the reduction to the sum of $500.00 per month is not an abuse of the trial court’s discretion. It is true, as pointed out by the husband, that alimony under LSA-C.C. art. 160 shall not exceed one-third of the husband’s income. It is also true that the husband testified that his monthly net earnings (take-home pay after taxes) received from his business amount to $1,124.00. However, the amount of these earnings is suspect.
Nielsen is the president and 90% owner of the stock of a corporation from which he derives his income. He has exclusive control over his salary. Furthermore, the corporate financial statements entered into evidence and particularly those relating to 1976 indicate current assets totalling $157,-694.60 and current liabilities totalling $91,-686.00. Net income after taxes in April, 1976, amounted to the sum of $20,411.35. The trial judge, after examination of the corporate statements, apparently concluded either Nielsen’s income exceeded $1,500.00 per month net (after taxes) or the corporation was in a position to pay Nielsen a salary in this amount, without jeopardizing the corporate stability. We might add that the corporate financial statements for the years 1974 and 1975 indicate further that Nielsen received, in addition to salary, monthly payments of $331.40 on indebtedness owed by the corporation to him. Under the circumstances, we cannot say that the $500.00 alimony award is in excess of one-third of the net income derived by the husband. Accordingly, we find no abuse of the trial court’s discretion in reducing the alimony payments from $850.00 monthly to $500.00 monthly.
The final issue to be resolved is whether the judgment of reduction should be made retroactive to the date of the filing of the rule instead of the date of the judgment. The judgment signed on September 16, 1976, did not provide for retroactivity. Because the trial judge has the discretion to set the effective date of any alimony award made under LSA-C.C. art. 160, we will not, in the absence of a showing of an abuse of *1216 this discretion (and we find no such abuse), change the effective date of the reduction from the date of the signing of the judgment to the date of the filing of the rule. See Dubourg v. Dubourg, 291 So.2d 441 (La.App. 4th Cir. 1974). The judgment is affirmed.

AFFIRMED.

. The present wife was unemployed at th of the hearing of the rule.