STOULIG, Judge.
Joseph Labadot has appealed[1] a judgment awarding his divorced wife, Charlotte Labadot, $25 alimony weekly and condemning him to pay her attorney’s fee of $500 for bringing the rule. Appellant contends:
1. the record fails to establish appellee “ * * * has not sufficient means for her support * * * ” (C.C. art. 160); therefore, she is not entitled to alimony;
2. alternatively, if she is entitled to alimony, the award is unreasonably high; and
3. appellant is not liable for his wife’s attorney’s fee because it is not a community debt.
The facts relevant to a determination of whether appellee has insufficient means are these: When this rule was tried on July 29, 1976, Mrs. Labadot’s monthly earnings for the past seven months had averaged $138.30. A 50-year-old high school graduate with no specialized training, Mrs. Laba-dot has been employed part-time as a temporary substitute employee for business clients of Manpower Temporary Services. She itemizes her monthly needs at $441.50, and without belaboring the point, we conclude the expenditures cover only the bare necessities. The record indicates appellee’s mother helps her financially. Mrs. Laba-dot’s assets include a 1974 automobile (on which she had another year to make monthly payments when this rule was tried). She also has five rooms of furniture.
When the parties separated in 1974, Mr. Labadot took both automobiles and a boat, asserting they were his separate property. In 1966 Mrs. Labadot had obtained a judicial separation after which she and her husband reconciled without reestablishing the community. (C.C. art. 155.) Mr. Labadot, claiming the movable assets as separate property, took everything of value when he moved from the home of appellee’s mother, which had also been the matrimonial domicile.
Appellant points out Mrs. Labadot is record owner of an undivided interest in real property valued at $47,500. This is the residence of her 74-year-old widowed mother and she testified that she is not the actual owner. The trial court either accepted this assertion or properly concluded ap-pellee is not required to force a judicial partition of her mother’s home since 1956 before she can be deemed to be in necessitous circumstances.
We affirm the trial court’s finding that Mrs. Labadot has insufficient means for her maintenance and support — that is she does not have sufficient funds to provide food, clothing and shelter. Nielsen v. Nielsen, 343 So.2d 1213 (La.App. 4th Cir. 1977); and Mendoza v. Mendoza, 310 So.2d 154 (La.App. 4th Cir. 1975).
We also affirm the amount. Mr. Labadot reports a net income of $598 and expenses of $597.32 per month. While the 68 cents surplus will not satisfy this judgment, we conclude Mr. Labadot must adjust his expenditures to accommodate payment of this judgment.
Appellant was improperly cast in judgment for the attorney fee of his divorced wife. Even were we to assume that some of the community acquired prior to 1966 remained available to satisfy the attorney fees (and this is hardly likely), there can be no question that it is not a community debt because the judgment of divorce rendered June 5, 1975 had the effect of dissolving the community retroactive to the date of its filing and Mrs. Labadot’s attorney was retained long after the divorce. Schiro v. Perkins, 240 So.2d 920 (La.App. 4th Cir. 1970); Moseley v. Moseley, 216 So.2d 852 (La.App. 2nd Cir. 1968). C.C. arts. 123, 136, 155, and 2405.
For the reasons assigned, the judgment appealed from is reversed insofar as it condemns Joseph Labadot to pay $500 attorney fees to his wife’s counsel. In all other respects, the judgment is affirmed. Each litigant is to pay his or her respective costs of this appeal.

*321
REVERSED IN PART; AFFIRMED IN PART.

. Labadot v. Labadot, 328 So.2d 747 (La.App.4th Cir. 1976).