375 So.2d 1314 (1979)
Neila LeBlanc, Wife of Eugene James LOYACANO
v.
Eugene James LOYACANO.
No. 59688.
Supreme Court of Louisiana.
October 8, 1979.
Rehearing Denied November 1, 1979.
Lawrence D. Wiedemann, Wiedemann & Fransen, and Jacob J. Meyer, Coleman, Dutrey, Thomson, Meyer & Jurisich, New Orleans, for defendant.
Charlotte A. Hayes and A. D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for plaintiff.
Floyd J. Reed, Bruce G. Reed, New Orleans, for amicus curiae.
CALOGERO, Justice.
This case has had a long and tortious history[1] the ending of which is, from the legal standpoint, anticlimatic to say the least. We now entertain the case on remand from the United States Supreme Court.
On rehearing we finally held in a much divided opinion[2] that a judgment of the Court of Appeal should be reversed and a judgment of the district court awarding Mrs. Loyacano $300 per month post-divorce alimony should be reinstated. Three members of the Court, including the then Chief Justice who authored the principal opinion, were of the view that Civil Code Article 160 afforded alimony to wives only but was nonetheless constitutional. Three of the concurring justices were of the view that our post-divorce alimony scheme was not unconstitutional but only because they adhered to the original opinion that with appropriate code and statutory construction husbands like wives were entitled under our law to post-divorce alimony. The seventh justice and author herein dissented, being of the view that Civil Code Article 160 afforded alimony to wives only and not husbands and that the statute was therefore unconstitutional.
Dr. Loyacano sought writs from the United States Supreme Court which granted the petition, ordered our judgment vacated, and remanded the case to this Court for further consideration in light of its decision in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979.) See Loyacano v. LeBlanc, *1315 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979). In that case the United States Supreme Court had held unconstitutional the Alabama statutory scheme of imposing alimony obligations on husbands but not wives as a violation of the Equal Protection Clause of the Fourteenth Amendment.
On remand this case was again heard, on September 4, 1979, at which time counsel for Dr. Loyacano advised the Court that he would submit the matter on briefs[3] and orally represented that Dr. Loyacano would accept the result and abide by the determination set forth in this Court's opinion on rehearing by which the judgment of the district court awarding Mrs. Loyacano $300 per month post-divorce alimony was reinstated and made the judgment of this Court. No briefs were filed on behalf of Mrs. Loyacano upon remand and although counsel appeared on September 4, 1979, no oral arguments were made on her behalf.
Because Dr. Loyacano through counsel has acquiesced in the judgment of this Court rendered on rehearing, there no longer is a controversy before us and the issue of the constitutionality of Article 160 before its amendment by Act 72 of 1979[4] need not be decided in this case.

Decree
For the foregoing reasons the judgment of this Court on rehearing reversing the Court of Appeal judgment and reinstating judgment of the trial court by which Mrs. Loyacano was awarded $300 per month alimony is reinstated and made the final judgment of this Court in this matter.
REHEARING OPINION OF THIS COURT OF APRIL 10, 1978 REINSTATED.
NOTES
[1] For the history of this litigation in stages, see the following:

Loyacano v. Loyacano, 311 So.2d 910 (La. App. 4th Cir. 1975) in which the Court of Appeal set aside a default judgment against the husband increasing alimony and child support;
Loyacano v. Loyacano, 343 So.2d 365 (La. App. 4th Cir. 1977) in which the Court of Appeal reversed a trial court judgment awarding the wife $300 per month post-divorce alimony;
Loyacano v. Loyacano, 345 So.2d 57 (La. 1977) where this Court granted writs to review the Court of Appeal judgment revoking the alimony;
Loyacano v. Loyacano, 358 So.2d 304 (La. 1978) in which the Court on original hearing (opinion rendered January 30, 1978) held that Article 160 before its amendment was not unconstitutional because with the proper code and statutory construction husbands like wives were entitled to alimony, and then on rehearing (opinion rendered April 10, 1978) held that Article 160 did not provide alimony for needy husbands, but that it was nonetheless constitutional; and
Loyacano v. LeBlanc, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979), in which the United States Supreme Court granted writs, vacated the judgment of this Court and remanded the case for reconsideration.
[2] Only two justices signed the main opinion; three justices concurred; one justice concurred in part and dissented in part; and one justice dissented.
[3] In brief counsel contended that the issue of the constitutionality of Article 160 is moot for the reason that its constitutional infirmity has been cured by Act 72 of 1979 which extends the benefits of alimony to the previously disfavored class, husbands. Additionally counsel in supplemental brief implored the Court to explicitly denounce the broad and expansive interpretation of Article 21 of the Civil Code contained in our original opinion (since overturned on rehearing) and to limit the article to its proper historical use. In light of the present posture of the case, we need not confront nor resolve either issue.
[4] By Act 72 of 1979 Article 160 was amended to provide alimony on a gender-neutral basis and to place the alimony obligation on the spouse able to pay. As amended Article 160 provides as follows:

"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets; the financial obligations of the spouses; including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
"In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
"This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."