NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**14-84**

**SALVADOR COSCARART**

**VERSUS**

**GINA LOUISE BEAUGH COSCARART**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-0208-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Genovese, J., concurs in the result.**

**Randall M. Guidry**
**Durio, McGoffin, Stagg & Ackermann**
**P.O. Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Salvador Coscarart**

**Nicole B. Breaux**
**Attorney at Law**
**415 N. Parkerson Ave.**
**Crowley, LA 70527-1650**
**(337) 783-0888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Gina Louise Beaugh Coscarart**

**Jack Derrick Miller**
**(A Professional Corporation)**
**415 North Parkerson Avenue**
**Crowley, LA  70527-1650**
**(337) 788-0768**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Gina Louise Beaugh Coscarart**

**SAUNDERS, Judge.**

This appeal concerns a trial court's awarding the former wife of a marriage final spousal support in the amount of $900.00 per month to be paid by her former husband. We find no abuse of discretion by the trial court and affirm its judgment including its findings with respect to the former wife's absence of income, the former husband's income and expenses, and the pendency of the former wife's social security disability claim.

FACTS

Salvador Coscarart ("Sal") married Gina Coscarart ("Gina") in 1980. They divorced in 2008. Their former community is partitioned, with Gina having received the family home and a portion of Sal's retirement accounts. On July 1, 2013, a contradictory hearing was held regarding Gina's request for final spousal support. At the hearing, the parties presented evidence, including testimony and their respective affidavits of income and expenses. This appeal arises from the trial court ordering Sal to pay final spousal support of $900.00 per month.

After hearing the evidence, the trial court found Gina's affidavit persuasive depicting no income due to a disabling injury, other health conditions, and monthly expenses totaling $4,432.77. The trial court also noted that Gina made a profit of $45,000.00 from the sale of her home, of which $36,000.00 remained unspent, and had an additional $11,000.00 in a retirement account.

By contrast, the trial court found Sal's affidavit less than persuasive. Sal claimed monthly income of $7,530.00, but the trial court found Sal's gross monthly income to be higher, $9,154.00, after accounting for his most recent six-month year-to-date financials and recent years' tax refunds. Further, the trial court reduced Sal's monthly expenses listed in his affidavit by $976.00, as it found those particular claimed expenses were in fact paid by Sal's employer. The trial court

concluded that Sal's monthly expenses were normally $5,016.00 with a typical monthly disposable income of $4,138.00.

On appeal, Sal asserts that the $900.00 final spousal support award is excessive and will burden him financially given that he must pay the monthly mortgage note on a $124,000.00 home that he recently purchased. Sal does not dispute Gina's current disability or inability to earn income as much as he focuses on the hardship he believes the judgment will impose upon him. Further, Sal points out that Gina has disposable, liquid assets to cushion any hardship that might be imposed on her by his inability to pay this level of support. Finally, Sal contends that, if successful, Gina's pending social security disability claim will not include support in the future, but rather it would be an award of past due social security disability income benefits.

Gina did not formally file an answer to Sal's appeal, but her reply brief indicates her belief that she should have been awarded more than $900.00 monthly, particularly given the findings noted above.

## LAW

The standard of review applicable to a review of a trial court's final periodic support award is that of abuse of discretion. *Bhati v. Bhati*, 09-1030 (La.App. 3 Cir. 3/10/10), 32 So.3d 1107. Louisiana Civil Code Article 112 (emphasis added) controls when deciding final spousal support. It states:

> A. When a spouse has not been at fault and is *in need of support, based on the needs of that party and the ability of the other party to pay*, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
>
> B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
>
> (1) *The income and means of the parties, including the liquidity of such means.*

2

(2)  The financial obligations of the parties.

(3)  *The earning capacity of the parties*.

(4)  The effect of custody of children upon a party's earning capacity.

(5)  The time necessary for the claimant to acquire appropriate education, training, or employment.

(6)  *The health* and age *of the parties*.

(7)  *The duration of the marriage*.

(8)  The tax consequences to either or both parties.

C.  The sum awarded under this Article *shall not exceed one-third of the obligor's net income*.

On the basis of the record, we find no abuse of the trial court's vast discretion when it found that Gina is disabled and in need of $900.00 in monthly support from Sal.  Additionally, Sal's contestations focus more on the burden this figure places on him, and this figure does not exceed her monthly house mortgage and utility obligations payments enumerated in her affidavit of expenses that the trial court accepted, nor does this figure exceed one-third of Sal's net income.

With respect to the arguments urged in Gina's reply brief, we observe that in its reasons for ruling, before assessing this figure, the trial court took notice of the profit Gina derived from the sale of her home and took notice that she would not be obligated to deplete all of her assets to make ends meet.

> On the question of what extent of asset depletion, if any, should be required of a spouse before he or she may receive alimony, it is impossible to say what relative weight must be given to any one factor in a particular case. The court should instead apply a rule of reasonableness in light of all the factors named herein and any other circumstance relevant to the litigation. For example, in determining the rate at which a spouse may be required to deplete his or her assets, it may be pertinent to consider the mental and physical health of the parties, their age and life expectancy, the parties' other financial responsibilities, the relative ability, education and work experience of the parties, and

3

the potential effect of any contemplated depletion of assets upon the children of the marriage. The problem is of such a nature as to be insusceptible of solution by any exact formula or monetary index, and the court should proceed with great caution and due regard for the probable long range effects of any depletion contemplated.

*Loyacano v. Loyacano,* 358 So.2d 304, 311 (La.1978), *rev'd on other grounds*, 375 So.2d 1314 (La.1979).

Here, we find that the $900.00 monthly final spousal support award does not constitute an abuse of the trial court's discretion. Also, we observe that the parties can revisit the issue should circumstances change pursuant to La.Civ.Code art. 116, including among them should Gina's longstanding Social Security disability claim prove successful.

### *Decree*

For the foregoing reasons, the judgment of the trial court is affirmed, with costs assessed evenly between the parties.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

4